UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MP VISTA, INC., HABIB PETROLEUM WARREN'S SHELL, INC. INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED<br><br>vs.<br><br>MOTIVA ENTERPRISES, LLC AND SHELL OIL COMPANY | No. 1:07-CV-00099-***<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS' ANSWER

Subject to their separately-filed motion to transfer venue, Defendants Motiva Enterprises LLC ("Motiva") and Shell Oil Company (collectively, "Defendants") respond to Plaintiffs' Complaint as follows:

1. Defendants admit that certain of Motiva's channel partners were directed by Motiva to close some or all of their fuel pumps on or about May 26, 2004, after it was discovered that some grades of gasoline refined at Motiva's refinery in Norco, Louisiana contained trace amounts of elemental sulfur and hydrogen sulfide. Defendants deny the remaining allegations of paragraph I.

2. Defendants admit that they are organized as alleged. The principal place of business of each Defendant is in Houston, Texas. Defendants deny the remaining allegations of paragraph II. Additionally, Defendant Shell Oil Company specifically denies that it is properly named as a party herein.

3. Defendants admit that diversity jurisdiction exists under 28 U.S.C. § 1332(a). Defendants deny the remaining allegations of paragraph III.

4. Defendants admit that venue lies in this district by virtue of their corporate organization here. However, as set forth more fully in the accompanying motion to transfer

venue, Defendants contend that this case should be transferred to the United States District Court for the Eastern District of Louisiana, which is the district where a substantial portion of the events giving rise to Plaintiffs' claims occurred, and where class certification was denied last year in a virtually identical case involving a virtually identical putative class.

5. Defendants deny that Plaintiffs' proposed class definition is proper or that this action is maintainable as a class action.

6. Defendants admit that certain of Motiva's channel partners were directed by Motiva to close some or all of their fuel pumps on or about May 26, 2004, after it was discovered that some grades of gasoline refined at Motiva's refinery in Norco, Louisiana contained trace amounts of elemental sulfur and hydrogen sulfide. Defendants deny the remaining allegations of paragraph VI.

7. Defendants admit that certain of Motiva's channel partners were directed by Motiva to close some or all of their fuel pumps for varying periods of time. Defendants deny the remaining allegations of paragraph VII.

8. Defendants admit that some of Motiva's channel partners operate ancillary businesses such as car washes, garages, and convenience stores. Defendants deny the remaining allegations of paragraph VIII.

9. Defendants deny the allegations of paragraph IX.

10. Defendants incorporate the responses to the foregoing paragraphs as if fully set forth here.

11. Defendants deny the allegations of paragraph XI.

12. In response to the first paragraph XII, Defendants incorporate the responses to the foregoing paragraphs as if fully set forth here. Defendants deny the allegations of the second paragraph XII.

13. Defendants deny the allegations of paragraph XIII.

14. Defendants deny the allegations of paragraph XIV.

15. Defendants lack sufficient information to admit or deny the allegations concerning the competency and adequacy of putative class counsel. Defendants deny the remaining allegations of paragraph XV.

16. Defendants deny the allegations of paragraph XVI.

## AFFIRMATIVE DEFENSES

1. **Failure to State a Claim.** The Complaint fails to state a claim against Defendant Shell Oil Company ("Shell"). As the Complaint itself makes clear, the gasoline at issue was refined at a refinery owned and operated by Defendant Motiva. Shell is one owner of Motiva, but Plaintiffs do not and cannot make any allegation sufficient to pierce the corporate veil or to impose any form of liability on Shell, whether independent or vicarious.

2. **Choice of Law/Extraterritoriality.** The Complaint purports to assert a cause of action under the Louisiana Civil Code. Plaintiffs and many of the putative class members that they seek to represent are not residents of Louisiana, and Louisiana law does not properly apply to their claims. Similarly, to the extent the Complaint purports to assert a claim under the Uniform Commercial Code on behalf of class members from Louisiana, no such claim exists because Louisiana has not adopted the Uniform Commercial Code.

3. **Limitations.** Some claims of some of the putative class members are barred by the applicable statute of limitations.

4. <u>Economic Loss Rule.</u>  Plaintiffs' tort and products liability claims fail because they are seeking damages for purely economic losses.

5. <u>Release.</u>  One or more of the absent members of the putative class may have released its claims and may not be a member of any class.

6. <u>Disclaimer of Warranties.</u>  Defendants disclaimed, and Plaintiffs accepted such disclaimer, of all warranties for all products, both express and implied, including but not limited to the implied warranties of merchantability or fitness for a particular purpose.  As such, Plaintiffs claims are wholly barred by their agreements with Defendants.

7. <u>Offset/Payment.</u>  Plaintiffs' claims are barred in whole or in part by offset and/or payment.

8. <u>Mitigation.</u>  Plaintiffs have failed to mitigate their damages and thus, their claims are barred in whole or in part.

9. <u>Intervening or Superseding Events.</u>  Defendants aver that the alleged injuries and damages may have been caused by intervening or superseding acts or events over which the Defendants had no control and for which the Defendants are not liable.

10. <u>Contributory Negligence.</u>  Defendants aver that if Plaintiffs are entitled to recovery from Defendants, which is specifically denied, Plaintiffs' recovery should be reduced in the proportion and degree of fault attributable to Plaintiffs and/or any other person to whom a percentage of fault is attributed.

WHEREFORE, Defendants respectfully request that the Court deny class certification, enter judgment for Defendants on each of Plaintiffs' claims, award Defendants their costs and attorneys' fees, and award Defendants all other relief to which it is justly entitled.

PRICKETT, JONES & ELLIOTT, P.A.

By: _____/s/ Paul M. Lukoff_____
Paul M. Lukoff (DSBA No. 96)
David E. Brand (DSBA No. 201)
1310 King Street
Wilmington, DE 19899
(302) 888-6500
(302) 658-8111 (Facsimile)

ATTORNEYS FOR DEFENDANTS
MOTIVA ENTERPRISES LLC AND
SHELL OIL COMPANY

Of Counsel:

David M. Rodi
State Bar No. 00797334
Jennifer A. Powis
State Bar No. 24041716
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, TX 77002
(713) 229-1234
(713) 229-1522 (Facsimile)


Ann Spiegel
State Bar No. 061223
1300 S.W. 5th Avenue
Suite 2500
Portland, OR 97201
(503) 295-4033
(503) 778-5299 (Facsimile)


Dated: April 2, 2007

## CERTIFICATE OF SERVICE

      I hereby certify that on April 2, 2007, a true and correct copy of the foregoing was sent via electronic mail to all counsel of record.

      Jonathan B. O'Neill, Esq.
      Morton R. Kimmel, Esq.
      Michael D. Bednash, Esq.
      Kimmel, Carter, Roman & Peltz, P.A.
      200 Biddle Avenue, Suite 101
      Springside Plaza
      Newark, Delaware 19702

                                      */s/ Paul M. Lukoff*
                                Paul M. Lukoff (DSBA No. 96)

.\330687v1HOU02:1098380