IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MP VISTA, INC., HABIB PETROLEUM, and    :
WARREN'S SHELL, INC. INDIVIDUALLY    :
AND ON BEHALF OF THOSE SIMILARLY    :
SITUATED    :
    :    No. 1:07-CV-00099-***
VS.    :
    :
MOTIVA ENTERPRISES LLC and    :
SHELL OIL COMPANY    :

**APPENDIX TO DEFENDANTS' MOTION TO TRANSFER VENUE**

PAUL M. LUKOFF (I.D. No. 96)
PRICKETT, JONES & ELLIOTT, P.A
1310 King Street
P.O. Box 1328
Wilmington, DE  19899
(302) 888-6500
(302) 658-8111 (Facsimile)

ATTORNEYS FOR DEFENDANTS
MOTIVA ENTERPRISES LLC AND
SHELL OIL COMPANY

**UNITED STATES DISTRICT COURT**
**FOR THE STATE OF DELAWARE**

MP VISTA, INC., HABIB PETROLEUM, and :
WARREN'S SHELL, INC. INDIVIDUALLY   :        No. 1:07-CV-00099-***
AND ON BEHALF OF THOSE SIMILARLY    :
SITUATED                            :
                                    :
VS.                                 :        **JURY TRIAL DEMANDED**
                                    :
MOTIVA ENTERPRISES LLC and          :
SHELL OIL COMPANY                   :

**TABLE OF CONTENTS TO**
**APPENDIX TO DEFENDANTS' MOTION TO TRANSFER VENUE**

A-1    Civil Docket Sheet for Case 04-cv-01770, *Liberty Shell, Inc. v. Shell Oil Company, et al.*
       in the U. S. District Court Eastern District of Louisiana (New Orleans);

A-13   Order and Reasons in *Liberty Shell, Inc. v. Shell Oil Company, et al.,* October 31, 2005;

A-21   Minute Entry in *Liberty Shell, Inc. v. Shell Oil Company, et al.,* July 26, 2006;

A-23   Transcript of Motion Proceedings Heard Before The Honorable Ivan L. R. Lemelle in
       *Liberty Shell, Inc. v. Shell Oil Company, et al.,* July 26, 2006;

A-29   Civil Docket Sheet for Case 04-01632, *In re: High Sulfur Content Gasoline Products
       Liability Litigation,* in the U. S. District Court Eastern District of Louisiana (New
       Orleans);

A-52   Plaintiff, Liberty Shell, Inc.'s Memorandum in Support of Class Certification in *Liberty
       Shell, Inc. v. Shell Oil Company, et al.,* February 4, 2005 and

A-77   *Ole K. Nilssen v. Osram Sylvania, Inc.,* in U. S. District Court District of Delaware; 2001
       WL34368395, May 1, 2001

# EXHIBIT A

CLOSED, MAG-4, PROTO

# U. S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:04-cv-01770-ILRL-KWR

| | |
|---|---|
| Liberty Shell Inc v. Shell Oil Company, et al | Date Filed: 06/24/2004 |
| Assigned to: Judge Ivan L. R. Lemelle | Date Terminated: 10/27/2006 |
| Referred to: Magistrate Judge Karen Wells Roby | Jury Demand: None |
| Demand: $0 | Nature of Suit: 385 Prop. Damage Prod. Liability |
| Case in other court: 24th JDC Jefferson, 608-110G | Jurisdiction: Diversity |
| Cause: 28:1332 Diversity-Product Liability | |

**Plaintiff**

**Liberty Shell Inc**
*individually and on behalf of all others similarly situated*

represented by **Andre Phillip LaPlace**
Law Offices of Andre P. LaPlace
2762 Continental Dr.
Suite 103
Baton Rouge, LA 70808-3240
225-924-6898
Email: alaw@andrelaplace.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Michael Porobil**
Gregory Porobil, Attorney at Law
3300 Bienville St.
New Orleans, LA 70119
(504) 822-3600
Email: greg@excell.nocoxmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniella Friedman**
Montello & Friedman, PA
777 Brickell Ave.
Suite 1070
Miami, FL 33131
305-373-0300
*ATTORNEY TO BE NOTICED*

**Louis R. Montello, Jr.**
Montello & Friedman, PA
777 Brickell Ave.
Suite 1070
Miami, FL 33131
305-373-0300
Email: lmontello@montellolaw.com
*ATTORNEY TO BE NOTICED*

**Patrick Wayne Pendley**

A-2

Pendley Law Firm
24110 Eden St.
P. O. Drawer 71
Plaquemine, LA 70765-0071
225-687-6396
Email: pwpendley@pbclawfirm.com
*ATTORNEY TO BE NOTICED*

**Thomas P. Bleau**
Bleau, Fox & Fong, APLC
3575 Cahuenga Blvd. West
Suite 580
Los Angeles, CA 90068
323-874-8613
Email: tbleau@bleaufox.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Shell Oil Company**                    represented by   **Donald Richard Abaunza**
Liskow & Lewis
One Shell Square
701 Poydras St.
Suite 5000
New Orleans, LA 70139-5099
504-581-7979
Email: drabaunza@liskow.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dana Marie Douglas**
Liskow & Lewis
One Shell Square
701 Poydras St.
Suite 5000
New Orleans, LA 70139-5099
504-581-7979
Email: dmdouglas@liskow.com

**David M. Rodi**
Baker Botts LLP
One Shell Plaza
910 Louisiana St.
Houston, TX 77002-4995
(713) 229-1234

**Dena Lynn Olivier**
Liskow & Lewis
One Shell Square
701 Poydras St.
Suite 5000

A-3

New Orleans, LA 70139-5099
504-581-7979
Email: dlolivier@liskow.com

**George Denegre, Jr.**
Liskow & Lewis
One Shell Square
701 Poydras St.
Suite 5000
New Orleans, LA 70139-5099
504-581-7979
Email: gdenegre@liskow.com

**J. Michael Baldwin**
Baker Botts LLP
One Shell Plaza
910 Louisiana St.
Houston, TX 77002-4995
(713) 229-1234
Email: michael.baldwin@bakerbotts.com
*ATTORNEY TO BE NOTICED*

**Kelly Titus Scalise**
Liskow & Lewis
One Shell Square
701 Poydras St.
Suite 5000
New Orleans, LA 70139-5099
504-581-7979
Email: ktscalise@liskow.com

<u>Defendant</u>

**Shell Oil Products USA**
*TERMINATED: 06/24/2004*

<u>Defendant</u>

**- Shell Oil Products Company, L.L.C.**    represented by    **Donald Richard Abaunza**
*erroneously sued as Shell Oil Products USA*    (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dana Marie Douglas**
(See above for address)

**David M. Rodi**
(See above for address)

**Dena Lynn Olivier**
(See above for address)

**George Denegre, Jr.**
(See above for address)

**J. Michael Baldwin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly Titus Scalise**
(See above for address)

**Defendant**
**Motiva Enterprises, L.L.C.**                represented by   **Donald Richard Abaunza**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dana Marie Douglas**
(See above for address)

**David M. Rodi**
(See above for address)

**Dena Lynn Olivier**
(See above for address)

**George Denegre, Jr.**
(See above for address)

**J. Michael Baldwin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly Titus Scalise**
(See above for address)

| Date Filed | # | Docket Text |
|---|---|---|
| 06/24/2004 | 1 | Notice of removal by defendant Shell Oil Company, defendant Shell Oil Prod Co, defendant Motiva Ent LLC from 24th JDC Jefferson Parish; Case Number: 608-110 G (car) (Entered: 06/28/2004) |
| 06/24/2004 |  | Payment of filing fee by defendant Shell Oil Company, defendant Motiva Ent LLC in amount of $150.00 (car) (Entered: 06/28/2004) |
| 06/24/2004 | 2 | Notice to ptys of removal by defendant Shell Oil Company, defendant Shell Oil Prod Co, defendant Motiva Ent LLC (car) (Entered: 06/28/2004) |
| 06/24/2004 |  | RETURN OF SERVICE of summons and complaint upon defendant Shell Oil Company on 6/0704 (state court) (car) Modified on 07/01/2004 (Entered: 06/28/2004) |
| 06/24/2004 |  | RETURN OF SERVICE of summons and complaint upon defendant - Shell Oil Prod Co on 6/7/04 (state court) (car) Modified on 07/01/2004 (Entered: 06/28/2004) |
| 06/24/2004 |  | Motion by defendant Shell Oil Company, defendant - Shell Oil Prod Co, defendant Motiva Ent LLC and ORDER extending time to answer pla's complaint until 7/12/04 (state court) (car) (Entered: 06/28/2004) |

| 06/30/2004 | 3 | ORDERED that Case is reassigned to Judge Ivan L. Lemelle, Mag 4 by Judge Stanwood R. Duval Jr. (nn) (Entered: 06/30/2004) |
|---|---|---|
| 06/30/2004 | 4 | Notice of compliance by defendant Shell Oil Company, defendant Shell Oil Prod Co, defendant Motiva Ent LLC with 28:1447(b) (car) (Entered: 07/01/2004) |
| 06/30/2004 | | RETURN OF SERVICE of summons and complaint upon defendant Motiva Ent LLC on 6/7/04 (state court) (car) Modified on 07/01/2004 (Entered: 07/01/2004) |
| 07/06/2004 | 5 | Statement of Corporate Disclosure filed by defendant Motiva Ent LLC, defendant Shell Oil Company, defendant - Shell Oil Prod Co (plh) (Entered: 07/07/2004) |
| 07/07/2004 | 6 | MINUTE ENTRY ( 7/7/04): ORDERED that a status conference is scheduled before Judge at 9:00 7/23/04; FURTHER ORDERED that the mtn for appointment of plas' steering committee & liaison counsel filed in 04-1688 set for hrg on 7/7/04 at 9:00 is cont to 7/23/04 at 9:00 by Judge Ivan L. Lemelle (plh) Modified on 07/28/2004 (Entered: 07/08/2004) |
| 07/12/2004 | 7 | ANSWER by defendant Motiva Ent LLC, defendant Shell Oil Company, defendant Shell Oil Prod Co to complaint by plaintiff Liberty Shell Inc [1-1] (plh) (Entered: 07/13/2004) |
| 07/16/2004 | 8 | Motion by plaintiff Liberty Shell Inc, defendant Shell Oil Company, defendant - Shell Oil Prod Co, defendant Motiva Ent LLC for a scheduling conf and ORDER granting same; however, movant shall meet with consumer pla's counsel in effort to propose a disc schedule by 7/30/04 by Judge Ivan L. Lemelle Date Signed: 7/23/04 (pck) (Entered: 07/23/2004) |
| 07/22/2004 | 10 | Motion by Rebecca A. Cunnard, Attorney at Law to be appointed to the Plas' Steering Committee and ORDERED that parties shall meet in effort to amicably resolve this issue in all actions by Judge Ivan L. Lemelle Date Signed: 7/23/04 (pck) (Entered: 07/26/2004) |
| 07/23/2004 | 9 | MINUTE ENTRY ( 7/23/04 ) ; Status Conf was held 9:00 7/23/04 in the above-captioned cases; counsel for ptys shall submit a joint proposed disc schedule to the Court by 8/16/04; counsel for all plas shall meet to discuss the selection of a Plas' Steering Committee & the selection of a Plas' Counsel Liaison by 7/30/04 counsel for all plas shall submit a joint proposal for the composition of the Plas' Steering Committee & the Liaison Counsel as soon as possible, but in no event later than 8/20/04; the mtn to remand filed by plas & the mtn to reverse the exparte ruling of the state court filed by dft in C.A. 04-1743 (Rec. Doc. Nos. 4, 14) & the mtn to remand filed on behalf of plas in C.A. 04-1793 (Rec. Doc. No. 3) are HELD IN ABEYANCE for a period of 30 days as stated herein; the ptys shall pursue amicable resolution of any issue in this matter when such issue arises by Judge Ivan L. Lemelle (pck) (Entered: 07/23/2004) |
| 07/23/2004 | 11 | Written status report by dfts Shell Oil Prod Co, Shell Oil Company, Motiva Ent LLC & plas in several class action lawsuits (pck) (Entered: 07/26/2004) |
| 07/23/2004 | 12 | SMOOTH MINUTES: Reported/Recorded by Toni Tusa; status conf held; for reasons orally stated on the record, counsel for ptys shall submit a joint proposed disc schedule by 8/16/04; counsel for plas shall submit a joint proposal for the composition of the Plas' Steering Committee & the Liaison Counsel by 8/20/04; all pending mtns to remand will be deferred for 30 days; Court adjourned by Judge Ivan L. Lemelle (pck) (Entered: 07/26/2004) |
| 08/17/2004 | 13 | Motion by plaintiff Liberty Shell Inc, defendant Motiva Ent LLC, defendant Shell Oil |

|  |  | Company, defendant - Shell Oil Prod Co and ORDERED that the disc deadline set out herein are established w/respect to issues related to class certification by Judge Ivan L. Lemelle Date Signed: 8/24/04 (pck) (Entered: 08/26/2004) |
| --- | --- | --- |
| 08/17/2004 | 14 | Motion by plaintiff Liberty Shell Inc and ORDER appointing Andre P. LaPlace, Esq & Gregory M. Porobil co-lead counsel by Judge Ivan L. Lemelle Date Signed: 8/23/04 (pck) (Entered: 08/26/2004) |
| 09/20/2004 | 15 | MOTION by plaintiff Liberty Shell Inc to amend its class action petn to be heard before Mag Judge Roby at 11:00 12/8/04 (car) (Entered: 09/21/2004) |
| 10/01/2004 | 16 | Notice of Hearing by plaintiff Liberty Shell Inc setting motion to amend its class action petn [15-1] at 11:00 10/27/04 (plh) (Entered: 10/04/2004) |
| 10/08/2004 | 17 | MINUTE ENTRY ( 10/7/04 ) ORDER setting plaintiff Liberty Shell Inc's motion to amend its class action petn [15-1] for oral argument at 11:00 11/3/04 bfr the undersigned by Magistrate Judge Karen W. Roby (car) (Entered: 10/12/2004) |
| 10/26/2004 | 18 | Memo in opposition by defendant Motiva Ent LLC, defendant Shell Oil Company, defendant - Shell Oil Prod Co to motion to amend its class action petn [15-1] filed by plaintiff Liberty Shell Inc (lg) (Entered: 10/26/2004) |
| 11/01/2004 | 19 | Reply memo by plaintiff Liberty Shell Inc in support of its motion to amend its class action petn [15-1] (plh) (Entered: 11/02/2004) |
| 11/01/2004 | 20 | MOTION by plaintiff Liberty Shell Inc to extend discovery deadline for class issues referred to Magistrate Judge Karen W. Roby to be heard before Mag Judge Roby at 11:00 11/17/04 (plh) (Entered: 11/02/2004) |
| 11/05/2004 | 21 | MINUTE ENTRY ( 11/5/04 ) Liberty Shell Inc's motion to amend its class action petn [15-1] is continued until 11/10/04 w/o oral argument by Magistrate Judge Karen W. Roby (lg) (Entered: 11/05/2004) |
| 11/08/2004 | 22 | Memo in opposition by defendants to motion to amend its class action petn [15-1] filed by plaintiff Liberty Shell Inc (lg) (Entered: 11/09/2004) |
| 11/09/2004 | 23 | Memo in opposition by dfts Shell Oil Company, - Shell Oil Prod Co, Motiva Ent LLC to motion to extend discovery deadline for class issues [20-1] filed by plaintiff Liberty Shell (lg) (Entered: 11/09/2004) |
| 11/10/2004 | 24 | Reply memo by plaintiff Liberty Shell Inc in support of its motion to amend its class action petn [15-1] (car) (Entered: 11/12/2004) |
| 11/10/2004 | 25 | Memo by plaintiff Liberty Shell Inc in support of its motion to extend discovery deadline for class issues [20-1] (car) (Entered: 11/12/2004) |
| 11/16/2004 | 26 | MINUTE ENTRY ( 11/16/04 ) granting pla's motion to extend discovery deadline for class issues [20-1] for an additional 30 days by Magistrate Judge Karen W. Roby (lg) (Entered: 11/17/2004) |
| 11/17/2004 | 27 | MINUTE ENTRY ( 11/17/04 ) granting pla's motion to amend its class action petn [15-1] as set forth in document by Magistrate Judge Karen W. Roby (lg) (Entered: 11/17/2004) |
| 11/22/2004 | 28 | Motion by plaintiff Liberty Shell Inc and ORDER for appearance of Patrick Wayne Pendley as addl counsel of record by Judge Stanwood R. Duval Jr for Judge Lemelle Date Signed: 11/23/04 (car) (Entered: 11/24/2004) |

| | | |
|---|---|---|
| 11/29/2004 | 29 | Joint Motion by pla Liberty Shell Inc and dfts Motiva Ent LLC, Shell Oil Company, Shell Oil Prod Co and ORDER for stipulated protective order governing all materials and copies produced in discovery which are dsignated as confidential or highly confidential as set forth in doc by Magistrate Judge Karen W. Roby (plh) (Entered: 12/02/2004) |
| 12/06/2004 | 30 | Motion by defendant Motiva Ent LLC, defendant Shell Oil Company, defendant - Shell Oil Prod Co for attorney J. Michael Baldwin, David M. Rodi to appear pro hac vice by Judge Ivan L. Lemelle Date Signed: 12/7/04 (lg) (Entered: 12/08/2004) |
| 12/06/2004 | 34 | Motion by defendant Motiva Ent LLC to expedite hrg on its mtn for protection & to quash Apex depo ntc and UNSIGNED ORDER, see minute entry (lg) (Entered: 12/17/2004) |
| 12/14/2004 | 31 | PLAINTIFF'S FIRST AMENDED complaint [1-1]; no new ptys added; no summons (es) issued (plh) (Entered: 12/15/2004) |
| 12/15/2004 | 32 | MOTION by plaintiff Liberty Shell Inc to extend class certification discoery deadline referred to Magistrate Judge Karen W. Roby to be heard before Mag Judge Roby at 11:00 1/5/05 (plh) (Entered: 12/15/2004) |
| 12/16/2004 | 33 | MOTION by defendant Motiva Ent LLC, defendant Shell Oil Company, defendant - Shell Oil Prod Co to strike pla's 1st amd cmp to be heard before Judge at 9:00 1/19/05 (lg) (Entered: 12/17/2004) |
| 12/17/2004 | 35 | MINUTE ENTRY ( 12/16/04 ) Motiva's mtn to expedite hrg on its mtn for protection & to quash Apex depo ntc [34-1] is denied as moot as set forth in document by Magistrate Judge Karen W. Roby (lg) (Entered: 12/17/2004) |
| 12/17/2004 | 36 | Transcript of hrg held 7/23/02 before Mag Roby (lg) (Entered: 12/20/2004) |
| 12/21/2004 | 37 | Memo in opposition by plaintiff Liberty Shell Inc to motion to strike pla's 1st amd cmp [33-1] filed by defendant Motiva Ent LLC (dmg) (Entered: 12/22/2004) |
| 12/21/2004 | 38 | MOTION by plaintiff Liberty Shell Inc for relief referred to Magistrate Judge Karen W. Roby to be heard before Mag Roby at 11:00 1/19/05 (lg) (Entered: 12/22/2004) |
| 12/28/2004 | 39 | Memo in opposition by defendant Shell Oil Company, defendant - Shell Oil Prod Co, defendant Motiva Ent LLC to motion to extend class certification discoery deadline [32-1] filed by plaintiff Liberty Shell Inc (lg) (Entered: 12/28/2004) |
| 12/28/2004 | 42 | Motion by plaintiff Liberty Shell Inc and ORDER for leave to file memo in support of its mtn to extend class certification disc deadline by Magistrate Judge Karen W. Roby Date Signed: 1/11/05 (lg) (Entered: 01/11/2005) |
| 12/29/2004 | 40 | MINUTE ENTRY ( 12/29/04 ) pla's motion to extend class certification discovery deadline [32-1] is set for oral hrg at 11:00 1/5/05 by Magistrate Judge Karen W. Roby (lg) (Entered: 12/29/2004) |
| 01/03/2005 | 44 | Motion by plaintiff Liberty Shell Inc and ORDER for leave to file reply memo in support of mtn to extend class certification disc deadline by Magistrate Judge Karen W. Roby Date Signed: 1/11/05 (lg) (Entered: 01/11/2005) |
| 01/06/2005 | 47 | Motion by plaintiff Liberty Shell Inc for expedited hrg on their mtn to amend initial scheduling order and ORDER DISMISSED AS MOOT; see order granting mtn to amend scheduling order by Judge Ivan L. Lemelle Date Signed: 11/13/05 (lg) (Entered: 01/14/2005) |

| 01/10/2005 | 41 | Memo in opposition by defendant Motiva Ent LLC, defendant Shell Oil Company, defendant - Shell Oil Prod Co to motion for relief [38-1] filed by plaintiff Liberty Shell Inc (lg) (Entered: 01/10/2005) |
|---|---|---|
| 01/11/2005 | 43 | Memorandum by plaintiff Liberty Shell Inc in support of [32-1] its motion to extend class certification discoery deadline (lg) (Entered: 01/11/2005) |
| 01/11/2005 | 45 | Reply by plaintiff Liberty Shell Inc to dfts' memo in opp to its motion to extend class certification discoery deadline [32-1] (lg) (Entered: 01/11/2005) |
| 01/11/2005 | 46 | Motion by defendant Motiva Ent LLC, defendant Shell Oil Company, defendant - Shell Oil Prod Co and ORDER to make Professors John R Umbeck & Edward F Sherman available for depos by Judge Ivan L. Lemelle Date Signed: 1/12/05 (lg) (Entered: 01/14/2005) |
| 01/14/2005 | 48 | Motion by plaintiff Liberty Shell Inc and ORDER amending inital scheduling order as set forth in document by Judge Ivan L. Lemelle Date Signed: 1/13/05 (lg) (Entered: 01/14/2005) |
| 01/14/2005 | 49 | MINUTE ENTRY ( 1/13/05 ) pla's motion for relief [38-1] will be heard by oral argument at 11:00 1/19/05 by Magistrate Judge Karen W. Roby (lg) (Entered: 01/14/2005) |
| 01/18/2005 | 51 | Motion by plaintiff Liberty Shell Inc for leave to file sur-reply memo in support of mtn to extend class certification discovery deadline and ORDER DENIED by Magistrate Judge Karen W. Roby Date Signed: 1/24/05 (lg) (Entered: 01/25/2005) |
| 01/19/2005 | 50 | MINUTE ENTRY ( 1/18/05 ) pla's motion to extend class certification discovery deadline [32-1] is granted; deadline is extended to 1/24/05 by Magistrate Judge Karen W. Roby (lg) (Entered: 01/19/2005) |
| 01/31/2005 | 52 | MINUTE ENTRY ( 1/26/05 ) Discovery conf held; Ordered that discovery shall proceed in accordance with this minute entry Judge Ivan L. Lemelle (lg) (Entered: 01/31/2005) |
| 02/02/2005 | 53 | MINUTE ENTRY ( 2/1/05 ) pla's motion for relief [38-1] is granted pursuant to FRCP 60(b)(2) & 60(b)(3) & the pla is allowed to retract its concession that the Multi-Site Operators do not fall within the purview of the amd class definition by Magistrate Judge Karen W. Roby (lg) (Entered: 02/02/2005) |
| 02/04/2005 | 54 | Memorandum by plaintiff Liberty Shell Inc in support of class certification (lg) (Entered: 02/09/2005) |
| 03/07/2005 | 55 | MEMORANDUM by all defendants in opposition to pla's mtn for class certification. (lag, ) (Entered: 03/08/2005) |
| 03/21/2005 | 56 | MOTION for Leave to File reply memo by Liberty Shell Inc. (lag, ) (Entered: 03/24/2005) |
| 03/23/2005 | 57 | ORDER granting 56 Motion for Leave to File . Signed by Judge Helen G. Berrigan for Judge Lemelle. (lag, ) (Entered: 03/24/2005) |
| 03/23/2005 | 58 | Reply MEMORANDUM in support of Class Certification by Liberty Shell Inc. (Attachments: # 1 Exhibit)(lag, ) (Entered: 03/24/2005) |
| 03/31/2005 | 59 | MOTION for Leave to File surreply by all defendants. (lag, ) (Entered: 04/04/2005) |
| 04/04/2005 | 60 | ORDER granting 59 Motion for Leave to File . Signed by Judge Ivan L. R. Lemelle. |

| | | (lag, ) (Entered: 04/04/2005) |
|---|---|---|
| 04/04/2005 | 61 | Surreply by all defendants in opposition to pla's mtn for class certification 54. (lag, ) (Entered: 04/04/2005) |
| 04/07/2005 | 62 | Memorandum in opposition by all defendants to Thomas P. Bleau's mtn to appear pro hac vice. (lag, ) (Entered: 04/08/2005) |
| 04/07/2005 | 63 | MOTION to Appear Pro Hac Vice by Daniella Friedman on behalf of Liberty Shell Inc. (lag, ) (Entered: 04/11/2005) |
| 04/07/2005 | 64 | ORDER granting 63 Motion to Appear Pro Hac Vice as to Daniella Friedman. Signed by Judge Ivan L. R. Lemelle. (lag, ) (Entered: 04/11/2005) |
| 04/07/2005 | 65 | MOTION to Appear Pro Hac Vice by Louis R. Montello, Jr on behalf of Liberty Shell Inc. (lag, ) (Entered: 04/11/2005) |
| 04/07/2005 | 66 | ORDER granting 65 Motion to Appear Pro Hac Vice as to Louis R. Montello, Jr. Signed by Judge Ivan L. R. Lemelle. (lag, ) (Entered: 04/11/2005) |
| 04/07/2005 | 67 | MOTION for Thomas P. Bleau to Appear Pro Hac Vice by Liberty Shell Inc. (lag, ) (Entered: 04/13/2005) |
| 04/12/2005 | 68 | ORDER granting 67 MOTION to Appear Pro Hac Vice filed by Liberty Shell Inc. Signed by Judge Stanwood R. Duval Jr. on 4/11/05.(lag, ) (Entered: 04/13/2005) |
| 04/12/2005 | 69 | ORDER REFERRING MOTION to Mag. Roby: 67 MOTION for Thomas Bleau to Appear Pro Hac Vice filed by Liberty Shell Inc. The order of 4/11/05 granting said motion is vacated. Signed by Judge Ivan L. R. Lemelle.(lag, ) (Entered: 04/13/2005) |
| 04/13/2005 | 70 | ORDER REFERRING MOTION: 33 Motion to Strike: Motion Hearing set for 4/27/2005 11:00 AM before Magistrate Judge Karen Wells Roby. Signed by Judge Ivan L. R. Lemelle.(lag, ) (Entered: 04/14/2005) |
| 04/18/2005 | 71 | NOTICE by all defendants of withdrawal of their 33 Motion to Strike. (lag, ) (Entered: 04/19/2005) |
| 04/21/2005 | 72 | MOTION for Leave to File response by Liberty Shell Inc. (lag, ) (Entered: 04/25/2005) |
| 04/22/2005 | 73 | ORDER granting 72 Motion for Leave to File . Signed by Judge Karen Wells Roby on 4/21/05. (lag, ) (Entered: 04/25/2005) |
| 04/22/2005 | 74 | REPLY to Response to Motion filed by Liberty Shell Inc re 67 MOTION to Appear Pro Hac Vice as to Thomas P. Bleau. (lag, ) (Entered: 04/25/2005) |
| 04/26/2005 | 75 | ORDER Resetting Hearing on 67 MOTION to Appear Pro Hac Vice: Motion Hearing set for 5/4/2005 11:00 AM before Magistrate Judge Karen Wells Roby. Signed by Judge Karen Wells Roby on 4/25/05.(lag, ) (Entered: 04/27/2005) |
| 05/10/2005 | 76 | Second MOTION to Amend/Correct original & first amended complaints by Liberty Shell Inc. Motion Hearing set for 5/25/2005 11:00 AM before Magistrate Judge Karen Wells Roby. (proposed original attached)(lag, ) Modified on 5/11/2005 (lag, ). (Entered: 05/11/2005) |
| 05/17/2005 | 77 | Minute Entry for proceedings held before Judge Karen Wells Roby : Motion Hearing held on 5/17/2005 granting 67 MOTION to Appear Pro Hac Vice as to Thomas P. Bleau filed by Liberty Shell Inc. (lag, ) (Entered: 05/18/2005) |
| 05/17/2005 | 78 | RESPONSE/MEMORANDUM in Opposition filed by Shell Oil Company, - Shell Oil |

| | | Products Company, L.L.C., Motiva Enterprises, L.L.C. re 76 MOTION to Amend/Correct. (lag, ) (Entered: 05/18/2005) |
|---|---|---|
| 05/19/2005 | 79 | ORDER Setting Oral Hearing on 76 MOTION to Amend/Correct: Motion Hearing set for 5/25/2005 11:00 AM before Magistrate Judge Karen Wells Roby. Signed by Judge Karen Wells Roby on 5/18/05.(lag, ) (Entered: 05/19/2005) |
| 05/20/2005 | 80 | MOTION for Leave to File reply memo by Liberty Shell Inc. (lag, ) (Entered: 05/25/2005) |
| 05/25/2005 | 81 | ORDER granting 80 Motion for Leave to File reply memo. Signed by Judge Karen Wells Roby. (lag, ) (Entered: 05/25/2005) |
| 05/25/2005 | 82 | REPLY to Response to Motion filed by Liberty Shell Inc re 76 MOTION to Amend/Correct. (lag, ) (Entered: 05/25/2005) |
| 05/27/2005 | 83 | MOTION for Leave to File post-hearing memo of law by Liberty Shell Inc. (lag, ) (Entered: 06/03/2005) |
| 06/02/2005 | 84 | ORDER denying 83 Motion for Leave to File . Signed by Judge Karen Wells Roby. (lag, ) (Entered: 06/03/2005) |
| 06/02/2005 | 85 | MOTION for Leave to File supplemental memo in opp by Shell Oil Company, - Shell Oil Products Company, L.L.C., Motiva Enterprises, L.L.C. (lag, ) (Entered: 06/09/2005) |
| 06/08/2005 | 86 | ORDER denying 85 Motion for Leave to File . Signed by Judge Joseph C. Wilkinson Jr. for Magistrate Roby on 6/7/05. (lag, ) (Entered: 06/09/2005) |
| 11/03/2005 | 87 | ORDER & REASONS denying 76 Plaintiff's Second Motion to Amend its original & first amended complaint. Signed by Judge Karen Wells Roby on 10/31/05. (gbw, ) (Entered: 11/04/2005) |
| 11/21/2005 | 88 | Joint MOTION for status conference by all parties. (lag, ) (Entered: 01/31/2006) |
| 01/31/2006 | 89 | ORDER granting 88 MOTION for status conference ; Status Conference set for 3/9/2006 09:00 AM before Judge Ivan L. R. Lemelle. Signed by Judge Ivan L. R. Lemelle on 12/26/05.(lag, ) (Entered: 01/31/2006) |
| 03/06/2006 | 90 | MOTION to enter agreed scheduling order concerning class certification hearing by all parties. (lag, ) (Entered: 03/07/2006) |
| 03/07/2006 | 91 | ORDER granting 90 MOTION to enter agreed scheduling order concerning class certification hearing. If case does not settle, Hearing on mtn for class certification set for 7/27/2006 09:00 AM before Judge Ivan L. R. Lemelle in open court. Status conference on 3/9/06 is canceled. Signed by Judge Ivan L. R. Lemelle on 3/6/06.(lag, ) (Entered: 03/07/2006) |
| 06/23/2006 | 92 | MOTION to supplement memo in support of Motion for Class Certification by Liberty Shell Inc. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing # 3 Certificate# 4 Exhibits, Part 1# 5 Exhibits, Part 2# 6 Exhibits, Part 3)(lag, ) (Entered: 06/30/2006) |
| 06/23/2006 | 94 | Expedited MOTION for Status Conference by Liberty Shell Inc. (Attachments: # 1 Notice of Hearing # 2 Memorandum in Support # 3 Certificate)(lag, ) (Entered: 06/30/2006) |
| 06/28/2006 | 93 | ORDER granting 92 Motion to supplement memo in support of Motion for Class Certification . Signed by Judge Ivan L. R. Lemelle. (lag, ) (Entered: 06/30/2006) |

| 06/28/2006 | 96 | Minute Entry for proceedings held before Judge Ivan L. R. Lemelle : Telephone Conference held on 6/28/2006. Parties were instructed to continue with mediation. (lag, ) (Entered: 07/05/2006) |
| 06/30/2006 | 95 | ORDER finding as moot 94 Motion for Status Conference. Signed by Judge Ivan L. R. Lemelle on 6/28/06. (lag, ) (Entered: 06/30/2006) |
| 07/25/2006 | 97 | ORDER resetting oral argument on Motion for Class Certification to 7/26/2006 11:00 AM before Judge Ivan L. R. Lemelle.. Signed by Judge Ivan L. R. Lemelle on 7/24/06. (lag, ) (Entered: 07/25/2006) |
| 07/26/2006 | 98 | MINUTE ENTRY for proceedings held before Judge Ivan L.R. Lemelle: Motion hearing held on Motion for Class Certification. Motion denied.(lag, ) (Entered: 07/27/2006) |
| 07/27/2006 | 99 | ORDER that pla's Motion for Class Certification is DENIED. Signed by Judge Ivan L. R. Lemelle on 7/26/06.(lag, ) (Entered: 07/28/2006) |
| 08/07/2006 | 100 | MOTION to Alter or Amend Judgment 99 by Liberty Shell Inc. Motion Hearing set for 9/20/2006 09:00 AM before Judge Ivan L. R. Lemelle. (Attachments: # 1 Proposed Order # 2 Notice of Hearing # 3 2.08E Certificate# 4 Memorandum in Support)(blg, ) (Entered: 08/09/2006) |
| 09/12/2006 | 101 | RESPONSE/MEMORANDUM in Opposition filed by all defendants re 100 MOTION to Alter Judgment 99 Order. (Attachments: # 1 Exhibit A)(Denegre, George) (Entered: 09/12/2006) |
| 09/20/2006 | 102 | EXPARTE/CONSENT MOTION for Leave to File Reply Memorandum by Liberty Shell Inc. (gec, ) (Entered: 09/22/2006) |
| 09/21/2006 | 103 | ORDER granting 102 Motion for Leave to File Reply Memorandum. Signed by Judge Carl Barbier on 9/21/06. (gec, ) (Entered: 09/22/2006) |
| 09/21/2006 | 104 | REPLY to Response to Motion filed by Liberty Shell Inc re 100 MOTION to Alter or Amend Judgment. (gec, ) (Entered: 09/22/2006) |
| 10/04/2006 | 105 | NOTICE Scheduling Conference set for 10/26/2006 11:00 AM before courtroom deputy by telephone, by Clerk.(lag, ) (Entered: 10/04/2006) |
| 10/10/2006 | 106 | ORDER denying 100 Motion to Alter Judgment . Signed by Judge Ivan L. R. Lemelle on 10/4/06. (lag, ) (Entered: 10/11/2006) |
| 10/27/2006 | 107 | ORDER REMANDING CASE TO STATE COURT. Signed by Judge Ivan L. R. Lemelle on 10/26/06.(lag, ) (Entered: 10/27/2006) |
| 10/31/2006 | 108 | ORDER rescinding 107 Order Remanding Case to State Court; pla has 30 days to file mtn to remand; Case is closed for statistical purposes to await mtn to remand. Signed by Judge Ivan L. R. Lemelle on 10/30/06.(lag, ) (Entered: 11/02/2006) |
| 11/20/2006 | 109 | Letter to Court from Andre P. LaPlace dated 11/20/06 (lag, ) (Entered: 12/05/2006) |
| 12/06/2006 | 110 | STIPULATION related to the sulfur incident by Liberty Shell Inc. (cak, ) (Entered: 12/11/2006) |
| 03/15/2007 | 111 | EXPARTE/CONSENT JOINT MOTION to Dismiss Case by all parties. (dmg, ) (Entered: 03/20/2007) |
| 03/20/2007 | 112 | ORDER granting 111 Motion to Dismiss Case. Signed by Judge Ivan L. R. Lemelle on |

3/18/2007. (dmg, ) (Entered: 03/20/2007)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/27/2007 08:06:31 | | | |
| PACER Login: | bb0033 | Client Code: | 002484.0261 |
| Description: | Docket Report | Search Criteria: | 2:04-cv-01770-ILRL-KWR |
| Billable Pages: | 8 | Cost: | 0.64 |

# EXHIBIT B

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -3  PM 4: 53

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

LIBERTY SHELL, INC.                    CIVIL ACTION

VERSUS                                 NO: 04-1770

SHELL OIL COMPANY, ET AL.              SECTION: "B" (4)

### ORDER AND REASONS

Before the Court is the **Plaintiff's Second Motion to Amend (doc. #76)**, filed by the

plaintiff, Liberty Shell, Inc., ("Liberty") to:  (1) add the following eleven Florida gas station

owners/operators as plaintiffs/class representatives:  Habib Petroleum, Boyton  Service Center,

Miami Gas Stations, Inc., PG Oil, Inc., Cypress Auto Care, Inc., Bay Point Oil Corp., Warren's

Shell, Inc., Trevi LLC, Ferob Corporation, Arthur Godfrey Road Gas, Inc., and Sathya, Inc.; and (2)

add a breach of contract claim for defendants' delivery of substandard fuel. The defendants, Motiva

Enterprises, LLC, Shell Oil Company, and Shell Oil Products Company, LLC (collectively "the

defendants") oppose the motion.

The Court heard the matter on May 25, 2005.

I.    Factual and Procedural Background

A.    The Original and First Amended Complaint

Liberty, an independent gas station operator, seeks to represent those gas station

1

___ Fee___
___ Process___
_X_ Dktd___
_✓_ CtRmDep___
___ Doc. No ___

owners/operators who were forced to temporarily close their stations after receiving sulfur-tainted fuel from the defendants' refinery. The tainted fuel could damage customers' vehicles. Liberty alleges that those owners/operators suffered economic loss due to these closures and that the defendants are liable because they manufactured and distributed substandard fuel, failed to warn the station operators/owners of the tainted fuel, failed to timely correct and remediate the damages, and breached Louisiana products liability law. In November 2004, the Court granted Liberty's motion to amend the geographic class definition to not only include Louisiana based gas station owners but also to include Mississippi and Florida gas station owners.[1]

### C.    The Proposed Second Amended Complaint

Liberty now seeks to add eleven additional Florida gas station owners/operators ("the proposed parties") as putative class representatives. Liberty contends that the addition of the proposed parties should be allowed because their addition is a natural progression from its first amended complaint expanding the geographic class definition to include Mississippi and Florida gas station owners. Liberty also seeks to add a breach of contract claim pursuant to the Uniform Commercial Code.

The defendants object claiming that the deadlines for class certification discovery and briefing have lapsed and the amendment disrupts the existing scheduling order.

## II.    Standard for Granting Leave to Amend

### A.  Rule 15

Federal Rule of Civil Procedure 15(a) governing the amendment of pleadings, provides that

---

[1] See Rec. Doc. Nos. 15 and 27.

leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied

absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).

However, the Court's granting of leave to amend is by no means automatic. *Addington v*

*Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny

a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In exercising its

discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the

amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

Defendants argue, however, that because Liberty's proposed amendment is offered outside

the confines of the initial scheduling order entered on August 24, 2005, Federal Rule of Civil

Procedure 16(b) governs any amendment. Rule 16(b) provides that "a schedule shall not be

modified except on a showing of good cause." FED. R. CIV. P. 16(b). However, the scheduling order

provides no deadlines for amending the pleadings. The scheduling order deals solely with class

certification issues. Thus, Rule 16 is not relevant to an analysis of this motion to amend.

## A. Breach of Contract Claim

Liberty contends that the breach of contract claim completes its claim and should not be a

surprise to the defendants. Thus, it argues that the Court should allow the amendment under the

liberal policy of Rule 15.

The defendants first allege that Liberty untimely delay in bringing the contract claim. They

3

further allege that adding a new claim would be extremely prejudicial by requiring the reopening of the class certification discovery that closed four months before Liberty filed the subject motion. Liberty also alleges that the proposed amendment would require re-analysis of the certification issue and a re-submission of any discovery to their experts, followed by a re-submission of their class certification briefs to the District Judge. Currently, Liberty's motion for class certification certification motion is pending before the District Judge.

When reviewing a proposed amendment under the Rule 15 standard, the Court considers whether Liberty unduly delayed in bringing the claim. *See Gregory*, 634 F.2d at 203. At a November 3, 2004, counsel for Liberty asserted in a colloquy with this Court that:

> MR. LAPLACE:    ". . . [v]ery simply, there's no claim in even our lawsuit for breach of contract."
>
> COURT:    "You're just saying selling of a defective product."
>
> MR. LAPLACE:    "That's correct."[2]

As evidenced by this exchange, Liberty knew of a possible breach of contract claim, but did not assert it. In attempting to now assert this claim, Liberty never explains why it did not bring the claim early in the litigation but instead waited eleven months. When, as here, "there has been an apparent lack of diligence, the burden shifts to the movant to prove that the delay was due to excusable neglect." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). Liberty's conclusory statement that this portion of the amendment "completes its

---

[2] Rec. Doc. No. 36 - November 3, 2004 Hearing Transcript, pp. 8 and 13.

4

claim," in the absence of any explanation for its delay, provides no support for amending the complaint.

Further, Liberty cannot now disingenuously claim that "[t]he inclusion of the breach of warranty claim . . . is surely not a 'surprise' to" the defendants. Liberty's motion to add a breach of contract claim six months after specifically representing to the Court that "there's no claim in even our lawsuit for breach of contract" is, in fact, surprising. This argument also provides no excuse for Liberty's delay and provides no support for granting its motion. This Court concludes that Liberty unduly delayed bringing this claim.

The Court is not "obliged to be imposed upon by the presentation of theories seriatim." *Gregory*, 634 F.2d at 199. Because Liberty knew early in the litigation that a breach of contract claim existed but chose not to pursue it, and given the lack of explanation for not pursuing the claim earlier and the potential prejudice to the defendants, the Court concludes that amending the complaint to add a breach of contract claim at this time is improper.

### B. Joining the Florida Operators

Liberty also seeks to add the Florida operators as class representatives. It received a list identifying the Florida operators on January 2005. Liberty's class certification briefing was due on February 4, 2005. Liberty explains its filing of this motion three months after its class certification briefs were due by indicating that it was conducting class certification discovery, preparing and filing class certification briefs, and litigating different motions in this case in January and April 2005. Liberty further contends that the addition of the defendants will result in no prejudice to the defendants.

The defendants, however, allege that the addition of the proposed parties is prejudicial because it will require the re-opening of discovery. They also argue that the addition of the Florida operators will require the same re-analysis of the certification issue, the re-submission of the discovery to their experts, and the re-submission of their class certification briefs to the District Judge as outlined above.

Additionally, Liberty does not explain how the addition of parties to the class will not affect the class certification issue pending before the District Judge. Instead, Liberty articulated that additional class certification discovery could be conducted on a "triple track" schedule. The defendants contend they would be unable to accommodate Liberty's schedule. Further, the Court is skeptical that Liberty could follow this triple track schedule given their already repeated requests for discovery extensions.[3] The Court notes that the parties to this case first agreed on the deadlines in the scheduling order before submitting the proposed order to the District Judge. Thus, Liberty could not meet the deadlines it agreed to meet in the first instance, and the Court finds it unlikely that it could meet the proposed triple track schedule.

Liberty's sole explanation for its delayed filing of the subject motion is that it was too busy to file the motion. This does not provide the Court with the a showing of "excusable neglect." *See Chitimacha*, 690 F.2d at 1163. Thus, the Court finds this argument unpersuasive and of insufficient weight to overcome Liberty's delay in bringing the motion.

Further, the Court is not convinced by Liberty's contention that no prejudice will result if the proposed parties are added. Other courts have considered that adding plaintiffs after the close

_____

[3]*See* Doc. Rec. Nos. 26, 48, and 50 for Orders granting extensions to Liberty.

A-19

of class discovery and after class certification briefs were filed and argued is prejudicial. *See Ostrof v. State Farm*, 200 F.R.D. 521, 529 (D. Md. 2001) (citing *In re Norplant Contraceptive Products Liab. Litig.*, 163 F.R.D. 258 (E.D.Tex. 1995)). As one court noted, an amendment requiring the re-opening of class discovery is "precisely the sort of prejudice that justifies denial of a motion to amend under Rule 15(a)." *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999). This Court agrees, concluding that because the addition of the proposed parties at this late date could require the defendants to reopen discovery and possibly re-brief the certification issue currently pending before the District Court, the proposed amendment is improper.

Accordingly,

**IT IS ORDERED THAT** the Plaintiff's Second Motion to Amend (doc. #76) is hereby **DENIED.**

A recording of this hearing was made by the Court. The Court Recorder Supervisor is designated as custodian of the cassette tape used to record the hearing. To obtain a copy of this proceeding for the Court's findings, the parties should contact Betty DiMarco, Court Recorder Supervisor, (504) 589-7721.

Houston, Texas, this 31st day of October 2005.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

7

A-20

# EXHIBIT C

**MINUTE ENTRY**
**LEMELLE, J.**
**JULY 26, 2006**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**LIBERTY SHELL, INC.**                          **CIVIL ACTION NO.**

**versus**                                        **04-1770**

**SHELL OIL CO., ET AL.**                         **SECTION B(4)**

A hearing was held in the above-captioned case regarding Plaintiff's Motion for Class Certification (Rec. Doc. No. 54). For the reasons orally assigned in Court,

**IT IS ORDERED** that the Plaintiff's Motion for Class Certification is **DENIED WITHOUT PREJUDICE.**

UNITED STATES DISTRICT JUDGE

A-22

# EXHIBIT D

60726SHELL  FINAL.v1

1

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA
 2

 3     ****************************************************************

 4     LIBERTY SHELL, INC.,
       INDIVIDUALLY AND ON BEHALF
 5     OF ALL OTHER SIMILARLY
       SITUATED
 6                                  DOCKET NO. 04-1770 "B"
       V.                           NEW ORLEANS, LOUISIANA
 7                                  WEDNESDAY, JULY 26, 2006, 11:00 A.M.
       SHELL OIL COMPANY, ET AL
 8
       ****************************************************************
 9
                         TRANSCRIPT OF MOTION PROCEEDINGS
10           HEARD BEFORE THE HONORABLE IVAN L.R. LEMELLE
                      UNITED STATES DISTRICT JUDGE
11

12     APPEARANCES:

13     FOR THE PLAINTIFF:      LAW OFFICES OF ANDRE P. LAPLACE
                               BY:  ANDRE P. LAPLACE, ESQUIRE
14                             2762 CONTINENTAL DRIVE, SUITE 103
                               BATON ROUGE LA  70808
15

16                             PENDLEY LAW FIRM
                               BY:  PATRICK W. PENDLEY, ESQUIRE
17                             24110 EDEN STREET
                               PLAQUEMINE LA  70765
18

19     FOR THE DEFENDANT:      BAKER BOTTS
                               BY:  J. MICHAEL BALDWIN, ESQUIRE
20                                  DAVID M. RODI, ESQUIRE
                               ONE SHELL PLAZA
21                             910 LOUISIANA STREET
                               HOUSTON TX 77002
22

23                             LISKOW & LEWIS
                               GEORGE DENEGRE, JR., ESQUIRE
24                             ONE SHELL SQUARE
                               701 POYDRAS STREET, SUITE 5000
25                             NEW ORLEANS LA  70139
```

2

60726SHELL  FINAL.v1

5 have me go into in terms of merit issues on the underlying
6 claims, my focus is on the, what I view as indeed a consideration
7 of the variegate nature of the businesses involved here included
8 in both the proposed classes, the range of the uses, the type of
9 sophistication for each of these business stations, jobbers, what
10 have you.  And I'm trying to focus upon what the Fifth Circuit
11 requires me to do, at least since Bell Atlantic, is a
12 demonstration or at least something to indicate that, that could
13 establish that there is some common proof here and that the
14 individual issues concerning, say, the fact of damages would not
15 be so individualized to defeat certification because of dominance
16 issues.
17         I have trouble distinguishing Bell Atlantic from this
18 particular case.  And I guess my trouble is even propounded when
19 I consider the well-written and logical opinion from my
20 colleagues on the district court in Pennsylvania.
21         It seems to me as if the issue of class certification
22 would indeed fail because of the predominance problem.
23 Plaintiff's motion for the class certification as in Bell
24 Atlantic founders on the issue of the amount of damages.  As
25 tempted as I am to use Mr. LaPlace's example of low, medium and

                                                              49


1 high, which I've seen done in other class actions, you know,
2 district court's discretion in terms of class certification
3 issues to me has been severely curtailed by binding precedent.
4 Admittedly that binding precedent was handles of the
5 Fifth Circuit and as we know, there could change depending on the
6 pound you get.
7         It seems to me there is a -- I don't want to say a
                        Page 43

60726SHELL  FINAL.v1

8  pattern, but at least there's some more cautious analysis of

9  class certifications by our circuit, not just this circuit but

10  other circuits, that has, to me, severely limited our discretion

11  on certification, particularly as it relays to predominance

12  issues.    Particularly on predominance issues.

13         The effort to calculate, for instance, damages for the

14  members in the various classes that might be held here, through

15  some formula, some nationwide average, I'm just not convinced

16  that that could be done here for the proposed damages or items of

17  damages that would represent to me some approximation of any

18  single class member's damages, let alone some reasonable estimate

19  of the damages of every class member included in whatever

20  putative classes we might have.

21         Again, though, my statement that class certification

22  here founders on the issue of predominance does not necessarily

23  propose me revisiting that if further actions of the parties here

24  might rectify the problem I see in saying, well, what is the --

25  what is the proposed plan that would rectify, that would cure my

                                                          50


1  concerns here for the variance of the individualized treatment

2  that I think would be required if I certified class. And that

3  would defeat to me class certification, but if there is some

4  common plan, some common proof, some way of doing this and it's

5  shown to me in a convincing manner that it would withstand not

6  only my view but more importantly, perhaps, review by the

7  Fifth Circuit because none of us want to do this more times than

8  need be, not just for your sake but also for the sake of your

9  clients. And it would seem to me that unless that's shown to me,

10  something that would relieve my concerns of predominance, it

11  would be inappropriate at this time at least for me to certify
                         Page 44

60726SHELL   FINAL.v1

12   class status.  So the motion is denied, but again, I really mean

13   that it's without prejudice because, you know, who knows.   I

14   might get something that would convince me to do something else.

15   Good luck to all of you.

16          THE DEPUTY CLERK:   Court stands in recess.

17                  (END OF COURT)

18                  *   *   *

19

20

21

22

23

24

25

                                                                        51

1                  REPORTER'S CERTIFICATE

2

3     I, Cathy Pepper, Certified Realtime Reporter, Registered

4   Professional Reporter, Certified Court Reporter, Official Court

5   Reporter, United States District Court, Eastern District of

6   Louisiana, do hereby certify that the foregoing is a true and

7   correct transcript, to the best of my ability and understanding,

8   from the record of the proceedings in the above-entitled and

9   numbered matter.

10

11

12

13                       Cathy Pepper, CCR, RPR, CRR

14                       Official Court Reporter

                  Page 45

60726SHELL FINAL.v1
United States District Court

15
16
17
18
19
20
21
22
23
24
25

A-28

# EXHIBIT E

CLOSED, MAG-4, MASTER

# U. S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:04-md-01632-ILRL-KWR

In Re: High Sulfur Content Gasoline Products Liability Litigation
Assigned to: Judge Ivan L. R. Lemelle
Referred to: Magistrate Judge Karen Wells Roby
Demand: $0
Member case: (View Member Case)
Case in other court: USCA, 06-31107
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/08/2004
Date Terminated: 09/07/2006
Jury Demand: Plaintiff
Nature of Suit: 385 Prop. Damage Prod. Liability
Jurisdiction: Diversity

## Plaintiff

**High Sulfur Content Gasoline Products
Liability Litigation**

represented by **Ben Barnow**
Barnow & Associates, PC
1 North La Salle St.
Chicago, IL 60602
312-621-2000
Email: b.barnow@barnowlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel E. Becnel, Jr.**
Law Offices of Daniel E. Becnel, Jr.
106 W. Seventh St.
P. O. Drawer H
Reserve, LA 70084
985-536-1186
Email: dbecnel@becnellaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald Richard Abaunza**
Liskow & Lewis
One Shell Square
701 Poydras St.
Suite 5000
New Orleans, LA 70139-5099
504-581-7979
Email: drabaunza@liskow.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ethel Carroll Rogers**
Murphy, Rogers, Sloss & Gambel
One Shell Square
701 Poydras St.
Suite 400
New Orleans, LA 70139

504-523-0400
Email: crogers@mrsnola.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frank A. Silvestri**
Silvestri & Massicot
3914 Canal St.
New Orleans, LA 70119
504-482-3400
Email: franks4217@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Joseph Gambel**
Murphy, Rogers, Sloss & Gambel
One Shell Square
701 Poydras St.
Suite 400
New Orleans, LA 70139
504-523-0400
Email: ggambel@mrsnola.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John W. (Don) Barrett**
Barrett Law Offices
404 Court Square North
P. O. Drawer 987
Lexington, MS 39095
662-834-2376
Email: dbarrett@barrettlawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John H. Ruiz**
Law Office of John H. Ruiz
5040 NW 7th St.
Suite 920
Miami, FL 33126
Email: jruizpilaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marie LeFere**
Holland & Knight
1 E Broward Blvd.
P. O. Box 14070
Suite 1300
Fort Lauderdale, FL 33302-4070
954-525-1000
Email: marie.lefere@hklaw.com
*LEAD ATTORNEY*

A-31

*ATTORNEY TO BE NOTICED*

**Robert M. Becnel**
Law Offices of Robert M. Becnel
425 West Airline Highway
Suite B
Laplace, LA 70068
985-651-6101
Email: ROBBECNEL@AOL.COM
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter C. Dumas**
Dumas & Associates Law Corporation
1261 Government St.
P. O. Box 1366
Baton Rouge, LA 70821
225-383-4701
Email: wdumas@dumaslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Don Keller Haycraft**
Liskow & Lewis
701 Poydras St.
Suite 5000
New Orleans, LA 70139-5099
504-556-4128
Email: dkhaycraft@liskow.com
*ATTORNEY TO BE NOTICED*

**Michael G. Crow**
Crow Law Firm, LLC
1100 Poydras St.
Suite 1175
New Orleans, LA 70163
504-599-5770
Email: mgc@mgcrowlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Plaintiff**                            represented by **Ben Barnow**
                                         (See above for address)

**Bruce S. Kingsdorf**
Barrios, Kingsdorf & Casteix, LLP
One Shell Square
701 Poydras St.
Suite 3650
New Orleans, LA 70139-3650
(504) 524-3300
Email: kingsdorf@bkc-law.com

A-32

**Bryan A. Aylstock**
Aylstock, Witkin & Fasser, PLC
55 Baybridge Dr.
Gulf Breeze, FL 32561
850-916-7450
Email: baylstock@aws-law.com

**Daniel E. Becnel, Jr.**
(See above for address)

**Darleen Marie Jacobs**
Jacobs & Sarrat
823 St. Louis St.
New Orleans, LA 70112
504-522-3287
Email: dollyno@aol.com

**David Scott Scalia**
Bruno & Bruno
855 Baronne St.
New Orleans, LA 70113
(504) 525-1335
Email: DAVID@brunobrunolaw.com

**David Michael Scott**
Law Offices of William D. Tucker, PA
718 NE 2nd Ave.
Fort Lauderdale, FL 33304
954-453-4500

**Dawn M. Barrios**
Barrios, Kingsdorf & Casteix, LLP
One Shell Square
701 Poydras St.
Suite 3650
New Orleans, LA 70139-3650
(504) 524-3300
Email: barrios@bkc-law.com

**Don John W. Barrett**
Barrett Law Offices
404 Court Square North
P. O. Drawer 987
Lexington, MS 39095
662-834-2376

**Ernest Cory**
Cory, Watson, Crowder & DeGaris
2131 Magnolia Ave.
Suite 200
Birmingham, AL 35205
202-328-2200

**Ethel Carroll Rogers**
(See above for address)

**F. Jerome Tapley**
Cory, Watson, Crowder & DeGaris
2131 Magnolia Ave.
Suite 200
Birmingham, AL 35205
202-328-2200

**Frank A. Silvestri**
(See above for address)

**Gano D. Lemoine, III**
Murray Law Firm
909 Poydras St.
Suite 2550
New Orleans, LA 70112
(504) 525-8100
Email: jbroden@murray-lawfirm.com

**Gary Joseph Gambel**
(See above for address)

**George Brian Recile**
Chehardy, Sherman, Ellis, Breslin, Murray,
Recile & Griffith
Recile & Griffith, LLP
P. O. Box 931
Metairie, LA 70004-0931
(504) 833-5600
Email: gbr@chehardy.com

**Helen Hairston Babin**
Law Office of Helen H. Babin
4132 St. Charles Ave.
Suite E-2
New Orleans, LA 70115
504-235-8573
Email: helenbabin@aol.com

**Jennifer N. Willis**
Cater & Willis
3723 Canal St.
New Orleans, LA 70190
(504) 488-6300
Email: cwlaw@bellsouth.net

**Jewel E. Welch, III**
Cunard Law Firm
9214 Interline Ave.
Baton Rouge, LA 70809
225-925-2978

A-34

**John Paul Massicot**
Silvestri & Massicot
3914 Canal St.
New Orleans, LA 70119
504-482-3400
Email: johnmass@hotmail.com

**John Hasan Ruiz**
Lawrence J. McGuinness, PA
5040 NW 7th St.
Suite 920
Miami, FL 33126
305-441-1339

**John D. Sileo**
John D. Sileo, Attorney at Law
320 N. Carrollton Ave.
Suite 200
New Orleans, LA 70119
504-483-3400
Email: aberger@allan-berger.com
*ATTORNEY TO BE NOTICED*

**Joseph M. Bruno**
Bruno & Bruno
855 Baronne St.
New Orleans, LA 70113
(504) 525-1335
Email: jbruno@brunobrunolaw.com

**Justin Witkin**
Aylstock, Witkin & Fasser, PLC
4400 Bayou Blvd.
Suite 58
Pensacola, FL 32503
850-916-7450
Email: jwitkin@aws-law.com

**Lawrence Joseph McGuinness**
Lawrence J. McGuinness, PA
5040 NW 7th St.
Suite 920
Miami, FL 33126
305-441-1339

**M. Damien Savoie**
Silvestri & Massicot
3914 Canal St.
New Orleans, LA 70119
504-482-3400
Email: damiensavoie@hotmail.com

A-35

**Matthew Edward Lundy**
Lundy & Davis, LLP
333 N. Sam Houston Pkwy E.
Suite 375
Houston, TX 77060-2487
281-272-0797
Email: mlundy@lundydavis.com

**Meyer H. Gertler**
Gertler, Gertler, Vincent & Plotkin
127-129 Carondelet St.
New Orleans, LA 70130
(504) 581-6411
Email: mhgertler@ggvplaw.com

**Michael G. Crow**
(See above for address)

**Michael Hudson Ellis**
Michael H. Ellis, Attorney at Law
One Galleria Blvd.
Suite 1100
Metairie, LA 70001
(504) 833-5600
Email: mhe@chehardy.com

**Patrick J. Ballard**
Ballard Law Office
205 20th St.
Suite 629
Birmingham, AL 35203-4702
205-321-9600

**Patti Durio Hatch**
Dumas & Associates Law Corporation
1261 Government St.
P. O. Box 1366
Baton Rouge, LA 70821
225-383-4701
Email: pdhatch@dumaslaw.com

**Peter D. Derbes**
Law Office of Peter D. Derbes
3914 Canal St.
New Orleans, LA 70119
(504) 486-5006
Email: pdd@derbes.com

**Raul R. Bencomo**
Bencomo & Associates
Entergy Corp. Bldg.
639 Loyola Ave.
Suite 2110

New Orleans, LA 70113
(504) 529-2929
Email: ben_law@bellsouth.net

**Rebecca Cunard**
Cunard Law Firm
9214 Interline Ave.
Baton Rouge, LA 70809
225-925-2978
Email: rebecca@cunardlaw.com

**Richard J. Arsenault**
Neblett, Beard & Arsenault
2220 Bonaventure Ct.
P. O. Box 1190
Alexandria, LA 71309-1190
(318) 487-9874
Email: rarsenault@nbalawfirm.com

**Robert M. Becnel**
(See above for address)

**Robert Hugh Murphy**
Murphy, Rogers, Sloss & Gambel
One Shell Square
701 Poydras St.
Suite 400
New Orleans, LA 70139
504-523-0400
Email: rmurphy@mrsnola.com

**Rodney Glenn Cater**
Cater & Willis
3723 Canal St.
New Orleans, LA 70119
504-488-6300
Email: rgcater@bellsouth.net

**Ronnie Glynn Penton**
Law Offices of Ronnie G. Penton (Slidell)
2250 Gause Blvd. East
Suite 310
Slidell, LA 70458
985-643-1747
Email: fedcourtmail@rgplaw.com

**Samuel O. Buckley, III**
Cater & Willis
3723 Canal St.
New Orleans, LA 70190
(504) 488-6300
Email: sbuckley@bellsouth.net

**Stephen Barnett Murray**
Murray Law Firm
909 Poydras St.
Suite 2550
New Orleans, LA 70112
(504) 525-8100
Email: smurray@murray-lawfirm.com

**Walter C. Dumas**
(See above for address)

**William R. Couch**
John M. Peakle, PA
P. O. Box 2072
Hattiesburg, MS 39401
601-544-0631

**William Dunbar Tucker**
Law Offices of William D. Tucker, PA
718 NE 2nd Ave.
Fort Lauderdale, FL 33304
954-453-4500
Fax: 954-453-4507
Email: wdtucker@fdn.com

V.

**Defendant**

**Defendant**                            represented by **Carol Welborn Reisman**
Liskow & Lewis
701 Poydras St.
Suite 5000
New Orleans, LA 70139-5099
504-581-7979
Email: cwreisman@liskow.com

**Christopher Joseph Aubert**
The Aubert Law Firm
506 E. Rutland St.
Covington, LA 70433-3219
985-809-2000
Email: caubert@aubertlaw.com

**David P. Donahue**
Maynard, Cooper & Gale, PC
AmSouth Harbor Plaza
1901 Sixth Avenue North
Suite 2400
Birmingham, AL 35203-2602
(205) 254-1000

**Don Keller Haycraft**

Liskow & Lewis
One Shell Square
701 Poydras St.
Suite 5000
New Orleans, LA 70139-5099
504-556-4128
Email: dkhaycraft@liskow.com

**Donald Richard Abaunza**
(See above for address)

**Gregory H. Hawley**
Maynard, Cooper & Gale, PC
AmSouth Harbor Plaza
1901 Sixth Avenue North
Suite 2400
Birmingham, AL 35203-2602
(205) 254-1000

**Khristina DeLuna Miller**
Liskow & Lewis
701 Poydras St.
Suite 5000
New Orleans, LA 70139-5099
504-581-7979
Email: kdmiller@liskow.com

**Marie LeFere**
Holland & Knight
P. O. Box 14070
Suite 1300
Fort Lauderdale, FL 33302-4070
954-525-1000
Email: marie.lefere@hklaw.com

**Paul H. Stephenson**
Watkins & Eager
400 E. Capitol St.
P. O. Box 650
Suite 300
Jackson, MS 39205
(601) 948-6470

**Randall A. Fish**
Randall A. Fish, Attorney at Law
P. O. Box 220
61136 Davis Avenue
Lacombe, LA 70445
985-882-0060

**unknown**

**Michael J Beck**
*TERMINATED: 06/20/2006*

**unknown**

Jeffery N. Luthi                          represented by  **Jeffery N. Luthi**
                                                          One Columbus Circle, NE
                                                          Federal Judiciary Bldg. Rm. G-255
                                                          Washington, DC 20002
                                                          PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2004 | 1 | TRANSFER ORDER from Judicial Panel on Multidistrict Litigation, pursuant to 28:1407, that actions listed pending in district other than the Eastern District of LA, are transferred to the Eastern District of LA, creating MDL 1632 (04-3048, 04-1595, 04-1628, 04-1688, 04-1914) (lg) Modified on 12/20/2004 (Entered: 11/24/2004) |
| 11/18/2004 | 2 | PRACTICE & PROCEDURE ORDER UPON TRANSFER PURSUANT TO 28:1407 (a) Pre-Trial Conference will be held 9:00 12/1/04 ; counsel shall furnish suggestions for items to be included on the agenda for this conference within 10 days by Judge Ivan L. Lemelle Date Signed: 11/17/04 (lg) (Entered: 11/24/2004) |
| 11/22/2004 | 3 | AMENDED ORDER OF ASSIGNMENT re cases transferred in this action pursuant to 28:1407 by Judge Ivan L. Lemelle (lg) (Entered: 11/24/2004) |
| 12/01/2004 | 4 | Motion by plaintiffs and ORDER continuing status conference to 2:30 12/20/04 by Judge Ivan L. Lemelle Date Signed: 11/29/04 (REF ALL CASES) (lg) Modified on 12/01/2004 (Entered: 12/01/2004) |
| 12/13/2004 | 5 | CONDITIONAL TRANSFER ORDER from the Judicial Panel on Multidistrict Litigation, pursuant to 28:1407, transferring 2 actions to the EDLA (EDLA CA 04-3385, 04-3385) (lg) (Entered: 12/20/2004) |
| 12/15/2004 | | Receipt of original record from Southern District of Florida, entitled Cynthia Chowdhury, et al versus Shell Oil Company, et al, 04-60717 (Our Case No. 04-3048) (lg) (Entered: 12/21/2004) |
| 12/20/2004 | 6 | SMOOTH MINUTES: Reported/Recorded by Toni Tusa; Status Conference held 2:30 12/20/04 ; Another Status Conf set for 10:00 2/25/05 by Judge Ivan L. Lemelle (lg) (Entered: 12/27/2004) |
| 12/21/2004 | 7 | MINUTE ENTRY ( 12/20/04 ) Status conf held ; Another Status Conf is set for 10:00 2/25/05 to provide more details re disc progress, scheduling, settlement, and mtn practice by Judge Ivan L. Lemelle (lg) (Entered: 12/27/2004) |
| 12/23/2004 | | Receipt of original record from Southern District of Mississippi, entitled Russell Galaher versus Motiva Ent LLC, et al, 04-195 (Our Case No. 04-3386) (lg) (Entered: 12/28/2004) |
| 01/03/2005 | | Receipt of original record from Middle District of Alabama, entitled Charles Shaw versus Shell Oil Company, et al, 04-892 (Our Case No. 04-3385) (lg) (Entered: 01/12/2005) |
| 02/24/2005 | 8 | MINUTE ENTRY ( 2/23/05 ) Status Conf is cont to 2:00 5/13/05 in open court; Ordered that mtn to remand & reverse ex parte ruling of state court filed in 04-1743, and mtn to remand filed in 04-1793 are dismissed as moot w/o prej to re-urge if filed in sufficient time for hrg at 2:00 5/13/05; Ordered that mtns to certify class filed in 04-1628, 04-1743, 04-1688 are dismissed w/o prej to re-urge as set forth in document by Judge Ivan |

| | | |
|---|---|---|
| | | L. Lemelle (REF ALL CASES) (lg) (Entered: 02/24/2005) |
| 05/13/2005 | 9 | JOINT STATUS REPORT by all parties. (Reference: ALL CASES)(lag, ) (Entered: 05/17/2005) |
| 05/13/2005 | 10 | STATUS REPORT by all parties. (Reference: ALL CASES)(lag, ) (Entered: 05/17/2005) |
| 05/13/2005 | 11 | Minute Entry for proceedings held before Judge Ivan L. R. Lemelle : Status Conference held on 5/13/2005. ORDERED that parties propose modified Case Management Order by 5/25/05. (Reference: ALL CASES)(lag, ) (Entered: 05/17/2005) |
| 05/13/2005 | 12 | Minute Entry for proceedings held before Judge Ivan L. R. Lemelle : Status Conference held on 5/13/2005. (Court Reporter Toni Tusa.) (Reference: ALL CASES)(lag, ) (Entered: 05/18/2005) |
| 06/22/2005 | 13 | Second Amended ORDER of Assignment. Signed by Judge Carl Barbier for Judge Ivan L. R. Lemelle.(Reference: ALL CASES)(gec, ) (Entered: 06/23/2005) |
| 06/22/2005 | 14 | CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT filed by all plaintiffs.(Reference: ALL CASES)(gec, ) (Entered: 06/23/2005) |
| 06/30/2005 | 17 | MOTION for Extension of Time to File mtn for class certification by all plaintiffs. (Reference: ALL CASES)(lag, ) (Entered: 07/08/2005) |
| 07/01/2005 | 15 | MOTION and ORDER for Extension of Time to Answer consolidated & amended class action cmp by defendants. (Reference: ALL CASES)(lag, ) (Entered: 07/08/2005) |
| 07/01/2005 | 16 | TEXT ORDER granting 15 Motion for Extension of Time to Answer . Signed by Judge Eldon E. Fallon for Judge Lemelle on 7/7/05. (Reference: ALL CASES)(lag, ) (Entered: 07/08/2005) |
| 07/07/2005 | 18 | ORDER granting 17 Motion for Extension of Time to File . Signed by Judge Eldon E. Fallon for Judge Lemelle. (Reference: ALL CASES)(lag, ) (Entered: 07/08/2005) |
| 07/19/2005 | 19 | MOTION & ORDER for Second Extension of Time to File Responses to plas' consolidated & amended class action cmp and to file mtn for class certification. (Reference: ALL CASES)(lag, ) (Entered: 07/21/2005) |
| 07/19/2005 | 20 | TEXT ORDER granting 19 Motion for Extension of Time to File Response/Reply . Signed by Judge Ivan L. R. Lemelle. (Reference: ALL CASES)(lag, ) (Entered: 07/21/2005) |
| 07/28/2005 | 21 | MOTION for More Definite Statement by dfts Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company LLC, Saudi Refining Inc, Equilon Enterprises LLC. Motion Hearing set for 8/17/2005 09:00 AM before Judge Ivan L. R. Lemelle. (Reference: ALL CASES)(lag, ) (Entered: 08/01/2005) |
| 07/28/2005 | 22 | ANSWER to Consolidated and Amended Class Action Complaint by defendants Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company LLC, Saudi Refining Inc, Equilon Enterprises LLC.(Reference: ALL CASES)(lag, ) (Entered: 08/01/2005) |
| 08/04/2005 | 23 | MOTION & ORDER to Continue hearing date on dfts' mtn for more definite statement. (Reference: ALL CASES)(lag, ) (Entered: 08/09/2005) |
| 08/04/2005 | 24 | TEXT ORDER granting 23 MOTION to Continue; 21 MOTION for More Definite Statement Hearing reset for 9/28/2005 09:00 AM before Judge Ivan L. R. Lemelle. Signed by Judge Ivan L. R. Lemelle.(Reference: ALL CASES)(lag, ) (Entered: |

| | | 08/09/2005) |
|---|---|---|
| 09/21/2005 | 25 | MOTION for Hearing for preliminary approval of settlement by all parties. (Reference: ALL CASES)(lag, ) (Entered: 10/05/2005) |
| 09/21/2005 | 26 | ORDER granting 25 Motion for Hearing . Signed by Judge Ivan L. R. Lemelle. (Reference: ALL CASES)(lag, ) (Entered: 10/05/2005) |
| 10/18/2005 | 27 | MOTION to Continue hrg for preliminary approval of settlement by all parties. (Reference: ALL CASES)(lag, ) (Entered: 10/18/2005) |
| 10/18/2005 | 28 | ORDER granting 27 Motion to Continue ; Hrg for Preliminary Approval of Settlement Agreement reset for 12/6/2005 10:00 AM before Judge Ivan L. R. Lemelle. Signed by Judge Ivan L. R. Lemelle. (Reference: ALL CASES)(lag, ) (Entered: 10/18/2005) |
| 10/19/2005 | 29 | MOTION for Extension of Time to Answer Class Action Complaint by Motiva Enterprises LLC, Motiva Company, Shell Oil Company, Shell Oil Products Company LLC, Equilon Enterprises LLC. (Reference: 04-2334)(lag, ) (Entered: 10/31/2005) |
| 10/31/2005 | 30 | ORDER granting 29 Motion for Extension of Time to Answer Class Action Complaint ; answer due 11/7/2005 . Signed by Judge Ivan L. R. Lemelle on 10/24/05. (Reference: 04-2334)(lag, ) (Entered: 10/31/2005) |
| 11/29/2005 | 31 | ORDER Settlement Conference reset for 12/19/2005 10:00 AM before Judge Ivan L. R. Lemelle. Signed by Judge Ivan L. R. Lemelle on 11/28/05.(Reference: ALL CASES) (lag, ) (Entered: 12/02/2005) |
| 12/02/2005 | 32 | ORDER Settlement Conference set for 12/19/05 is reset to 12/21/2005 10:00 AM before Judge Ivan L. R. Lemelle.. Signed by Judge Ivan L. R. Lemelle.(Reference: 04-2334) (gbw, ) (Entered: 12/05/2005) |
| 12/15/2005 | 33 | MOTION & ORDER to Continue hrg on preliminary approval of settlement by defendants Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company LLC, Saudi Refining Inc, and Equilon Enterprises LLC. (Reference: ALL CASES) (lag, ) (Entered: 12/20/2005) |
| 12/15/2005 | 34 | TEXT ORDER granting 33 Motion to Continue; Settlement Conference set for 1/19/2006 10:00 AM before Judge Ivan L. R. Lemelle.. Signed by Judge Ivan L. R. Lemelle on 12/16/05. (Reference: ALL CASES)(lag, ) (Entered: 12/20/2005) |
| 01/19/2006 | 35 | CONSOLIDATED AND SECOND AMENDED CLASS ACTION COMPLAINT with Jury Demand filed by all plaintiffs.(Reference: ALL CASES)(lag, ) (Entered: 01/20/2006) |
| 01/19/2006 | 40 | Minute Entry for proceedings held before Judge Ivan L. R. Lemelle : Settlement Conference held on 1/19/2006. Final Settlement Conference set for 9/6/2006 10:00 AM before Judge Ivan L. R. Lemelle. (Court Reporter Toni Tusa.) (Reference: ALL CASES)(blg, ) (Entered: 01/23/2006) |
| 01/20/2006 | 36 | MOTION for Certification of Settlement Class by all plaintiffs. (Reference: ALL CASES)(lag, ) (Entered: 01/20/2006) |
| 01/20/2006 | 37 | ORDER granting 36 Motion for Certification of Settlement Class and Findings of Fact and Conclusions of Law in support of Certification of Settlement Class. Signed by Judge Ivan L. R. Lemelle on 1/19/06. (Reference: ALL CASES)(lag, ) (Entered: 01/20/2006) |
| 01/20/2006 | 38 | Joint MOTION for Preliminary Approval of Class Settlement by all parties. (Reference: |

| | | ALL CASES)(lag, ) (Entered: 01/20/2006) |
|---|---|---|
| 01/20/2006 | 39 | ORDER granting 38 Motion for Preliminary Approval of Class Settlement . Signed by Judge Ivan L. R. Lemelle on 1/19/06. (Reference: ALL CASES)(lag, ) (Entered: 01/20/2006) |
| 02/02/2006 | 41 | MOTION to modify paragraph 3 of preliminary approval order and to extend the deadline contained therein by Shell Oil Products Company, LLC, Shell Oil Company, Motiva Company, Saudi Refining Inc, Equilon Enterprises LLC. (Reference: ALL CASES)(lag, ) (Entered: 02/06/2006) |
| 02/03/2006 | 42 | ORDER granting 41 Motion to modify paragraph 3 of the preliminary approval order and to extend deadline contained therein . Signed by Judge Ivan L. R. Lemelle on 2/2/06. (Reference: ALL CASES)(lag, ) (Entered: 02/06/2006) |
| 02/24/2006 | 43 | MOTION to Substitute Final Exhibits A & B to Settlement Agreement by Shell Oil Company, Shell Oil Products Company LLC, Motiva Enterprises LLC, Saudi Refining Inc, Equilon Enterprises LLC, and all plaintiffs. (Reference: ALL CASES)(lag, ) (Entered: 03/02/2006) |
| 03/02/2006 | 44 | ORDER granting 43 Motion to Substitute Final Exhibits A & B to Settlement Agreement. . Signed by Judge Ivan L. R. Lemelle on 3/1/06. (Attachments: # 1 Main Document, part 2) (Reference: ALL CASES)(lag, ) (Entered: 03/02/2006) |
| 03/22/2006 | 45 | MOTION to Substitute Exhibit A-1 pages to class settlement agreement by Shell Oil Products Company, LLC, Shell Oil Company, Motiva Enterprises, L.L.C., Saudi Refining Inc., Equilon Enterprises LLC. (Reference: ALL CASES)(lag, ) (Entered: 03/24/2006) |
| 03/23/2006 | 46 | ORDER granting 45 Motion to Substitute Exhibit A-1 pages. . Signed by Judge Ivan L. R. Lemelle. (Reference: ALL CASES)(lag, ) (Entered: 03/24/2006) |
| 03/28/2006 | 47 | ORDER dismissing as moot 21 Motion for More Definite Statement . Signed by Judge Ivan L. R. Lemelle. (Reference: ALL CASES)(lag, ) (Entered: 03/29/2006) |
| 04/21/2006 | 48 | ANSWER to Second Amended Class Action Complaint by Defendants Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company LLC, Saudi Refining Inc. and Equilon Enterprises LLC.(Reference: ALL CASES)(lag, ) (Entered: 04/26/2006) |
| 07/12/2006 | 49 | DEFICIENT MOTION Joint Motion for Expedited Hearing on Motion to Cure Improper Communications Concerning the Class Settlement by all parties. (Reference: ALL CASES)(Haycraft, Don) Modified on 7/12/2006 (lag, ). (Entered: 07/12/2006) |
| 07/12/2006 | 50 | EXPARTE/CONSENT MOTION to Expedite by all parties. (Attachments: # 1 Memorandum in Support # 2 Proposed Order # 3 Proposed Pleading # 4 Memorandum in Support of Joint Motion to Cure Improper Commnications Concerning the Class Settlement# 5 Proposed Order Order Granting Motion to Cure Improper Communicatoins Concerning the Class Settlement)(Reference: all cases)(Haycraft, Don) (Entered: 07/12/2006) |
| 07/12/2006 | 51 | NOTICE OF DEFICIENT DOCUMENT: re 49 MOTION Joint Motion for Expedited Hearing on Motion to Cure Improper Communications Concerning the Class Settlement by all parties. (Reference: ALL CASES)(Haycraft, Don). Reason(s) of deficiency: Memorandum or Notice of Hearing not provided; Proposed pleading as attachment to motion for leave to file not provided. For corrective information, see section(s) D12/D17 on http://www.laed.uscourts.gov/cmecf/Deficiency/deficiency.htm |

| | | |
|---|---|---|
| | | **Attention: Document must be refiled in its entirety within five (5) working days. Otherwise, it may be stricken by the court without further notice. Deficiency remedy due by 7/19/2006.** (Reference: ALL CASES)(lag, ) (Entered: 07/12/2006) |
| 07/13/2006 | 52 | ORDER granting 50 Motion to Expedite hrg; Motion to Cure Improper Communications Concerning the Class Settlement set for hearing 7/20/06 at 9:00 AM. Signed by Judge Ivan L. R. Lemelle. (Reference: ALL CASES)(lag, ) (Entered: 07/13/2006) |
| 07/13/2006 | 53 | MOTION to Cure Improper Communications Concerning the Class Settlement by Plaintiffs and Defendants. Motion Hearing set for 7/20/2006 09:00 AM before Judge Ivan L. R. Lemelle (per doc. no. 52). (Attachments: # 1 Memorandum in Support # 2 Proposed Order)(Reference: ALL CASES)(lag, ) (Entered: 07/13/2006) |
| 07/17/2006 | 54 | RESPONSE/MEMORANDUM in Opposition filed by Plaintiff re 53 MOTION to Cure Improper Communications Concerning the Class Settlement. (Attachments: # 1 Exhibit) (Reference: ALL CASES)(lag, ) (Entered: 07/19/2006) |
| 07/17/2006 | 57 | EXPARTE/CONSENT MOTION and ORDER for Leave to File privileged documents under seal for in camera review by Plaintiff. (Attachments: # 1 Proposed Pleading) (Reference: ALL CASES)(lag, ) (Entered: 07/20/2006) |
| 07/17/2006 | 58 | TEXT ORDER granting 57 Motion for Leave to File privileged documents under seal for in camera review. Signed by Judge Ivan L. R. Lemelle on 7/19/06. (Reference: ALL CASES)(lag, ) (Entered: 07/20/2006) |
| 07/19/2006 | 55 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum* by all parties. (Attachments: # 1 Proposed Order # 2 Proposed Pleading Joint Reply to Frank Silvestri's and Peter Derbes' Opposition to Joint Motion to Cure Improper Communications Concerning the Class Settlement# 3 Exhibit Affidavit of Todd B. Hilsee)(Reference: all cases)(Haycraft, Don) (Entered: 07/19/2006) |
| 07/20/2006 | 56 | Minute Entry for proceedings held before Judge Ivan L. R. Lemelle : Motion Hearing held on 7/20/2006 re 53 MOTION to Cure Improper Communications Concerning the Class Settlement. (Reference: ALL CASES)(lag, ) (Entered: 07/20/2006) |
| 07/20/2006 | 59 | ORDER approving stipulation and all pleadings related to 53 MOTION to Cure Improper Communications Concerning the Class Settlement are withdrawn. Signed by Judge Ivan L. R. Lemelle.(Reference: ALL CASES)(lag, ) (Entered: 07/24/2006) |
| 08/16/2006 | 60 | DEFICIENT MOTION for Attorney Fees by all plaintiffs. Motion Hearing set for 9/6/2006 10:00 AM before Judge Ivan L. R. Lemelle. (Reference: All Cases)(Crow, Michael) Modified on 8/17/2006 (lag, ). (Entered: 08/16/2006) |
| 08/17/2006 | 61 | NOTICE OF DEFICIENT DOCUMENT: re 60 MOTION for Attorney Fees by all plaintiffs. Motion Hearing set for 9/6/2006 10:00 AM before Judge Ivan L. R. Lemelle. (Reference: All Cases)(Crow, Michael). Reason(s) of deficiency: Memorandum in Support and Notice of Hearing not provided. For corrective information, see section(s) D12 on http://www.laed.uscourts.gov/cmecf/Deficiency/deficiency.htm **Attention: Document must be refiled in its entirety within five (5) working days. Otherwise, it may be stricken by the court without further notice. Deficiency remedy due by 8/24/2006.** ; Also, Signature on document and filer do not match. (Reference: ALL CASES)(lag, ) (Entered: 08/17/2006) |
| 08/18/2006 | 62 | DEFICIENT MOTION for Attorney Fees by all plaintiffs. (Reference: ALL CASES) (Barnow, Ben) Modified on 8/21/2006 (lag, ). (Entered: 08/18/2006) |

| | | |
|---|---|---|
| 08/18/2006 | 63 | MOTION for Attorney Fees by all plaintiffs. Motion Hearing set for 9/6/06 at 9:00 AM (Attachments: # 1 Memorandum in Support of Motion for Fees# (2) Notice of Hearing ) (Reference: ALL CASES)(Barnow, Ben) Modified on 8/21/2006 (lag, ). (Entered: 08/18/2006) |
| 08/21/2006 | 64 | NOTICE OF DEFICIENT DOCUMENT: re 62 MOTION for Attorney Fees by all plaintiffs. (Reference: ALL CASES)(Barnow, Ben). Reason(s) of deficiency: Memorandum in Support and Notice of Hearing not provided. For corrective information, see section(s) D12 on http://www.laed.uscourts.gov/cmecf/Deficiency/deficiency.htm **Attention: Document must be refiled in its entirety within five (5) working days. Otherwise, it may be stricken by the court without further notice. Deficiency remedy due by 8/28/2006.** (Reference: ALL CASES)(lag, ) (Entered: 08/21/2006) |
| 08/21/2006 | 65 | Correction of Docket Entry by Clerk re 63 MOTION for Attorney Fees ; Incorrect Hearing Time entered; Hearing is now set for 9/6/06 at 9:00 AM before Judge Ivan L.R. Lemelle. (Reference: ALL CASES)(lag, ) (Entered: 08/21/2006) |
| 08/24/2006 | 66 | ORDER Resetting Final Fairness Hearing and Hearing on 63 MOTION for Attorney Fees to 9/6/2006 11:00 AM before Judge Ivan L. R. Lemelle.. Signed by Judge Ivan L. R. Lemelle on 8/22/06.(Reference: ALL CASES)(lag, ) (Entered: 08/24/2006) |
| 08/25/2006 | 67 | NOTICE by all plaintiffs *List of Opt Outs*. (Attachments: # 1 Exhibit Opt Out List) (Reference: ALL CASES)(Barnow, Ben) (Entered: 08/25/2006) |
| 08/30/2006 | 68 | EXPARTE/CONSENT Joint MOTION to Expedite *Hearing on Joint Motion for Final Approval of Class Settlement* by all parties. (Attachments: # 1 Proposed Pleading Joint Motion for Final Approval of Class Settlement# 2 Proposed Pleading Memorandum in Support of Joint Motion# 3 Exhibit Notice of Manual Attachment# 4 Proposed Order Final Approval Order (5) Proposed Order on Motion to Expedite)(Reference: all cases) (Haycraft, Don) Modified on 8/31/2006 (lag, ). (Entered: 08/30/2006) |
| 08/31/2006 | 69 | Correction of Docket Entry by Clerk re 68 Joint MOTION to Expedite *Hearing on Joint Motion for Final Approval of Class Settlement* ; Motion should have been designated as "Exparte/Consent"; Proposed Order for Motion to Expedite must be separate attachment. (Reference: ALL CASES)(lag, ) (Entered: 08/31/2006) |
| 09/01/2006 | 70 | ORDER granting 68 Motion to Expedite hrg on Motion for Final Approval of Settlement. Signed by Judge Ivan L. R. Lemelle on 8/31/06. (Reference: ALL CASES) (lag, ) (Entered: 09/05/2006) |
| 09/05/2006 | 71 | Joint MOTION for Final Approval of Settlement by Plaintiff, Defendant. Motion Hearing set for 9/6/2006 11:00 AM before Judge Ivan L. R. Lemelle (per doc. no. 70). (Attachments: # 1 Memorandum in Support # 2 Notice of Manual Attachment # 3 Proposed Order)(Reference: ALL CASES)(lag, ) (Entered: 09/05/2006) |
| 09/06/2006 | 72 | Minute Entry for proceedings held before Judge Ivan L. R. Lemelle : Motion Hearing held on 9/6/2006 re 63 MOTION for Attorneys' Fees, Costs and Expenses and Incentive Awards. (Court Reporter David Zarek.) (Reference: ALL CASES)(gec, ) (Entered: 09/07/2006) |
| 09/07/2006 | 73 | FINDINGS OF FACT AND CONCLUSIONS OF LAW. Signed by Judge Ivan L. R. Lemelle on 9/6/06.(Reference: ALL CASES)(gec, ) (Entered: 09/07/2006) |
| 09/07/2006 | 74 | FINAL APPROVAL ORDER AND JUDGMENT as set forth in document. Signed by Judge Ivan L. R. Lemelle on 9/6/06. (Attachments: # 1 Exhibits)(Reference: ALL |

| | | CASES)(gec, ) (Entered: 09/07/2006) |
|---|---|---|
| 09/14/2006 | 75 | NOTICE of Voluntary Dismissal with prejudice as to Shell Motiva by Plaintiff. (Reference: 04-1793)(Jacobs, Darleen) (Entered: 09/14/2006) |
| 09/15/2006 | 76 | Correction of Docket Entry by Clerk re 75 Notice of Voluntary Dismissal ; Document does not include "s/" typed name on signature line. (Reference: 04-1793)(lag, ) (Entered: 09/15/2006) |
| 09/15/2006 | 77 | NOTICE of Voluntary Dismissal with prejudice as to Shell Motiva by Plaintiff. (Reference: All cases)(Bruno, Joseph) (Entered: 09/15/2006) |
| 09/18/2006 | 84 | EXPARTE/CONSENT MOTION to Dismiss Case by Plaintiffs. (Reference: 04-2334) (lag, ) (Entered: 09/26/2006) |
| 09/18/2006 | 86 | EXPARTE/CONSENT MOTION to Dismiss Case by Plaintiff. (Reference: 04-1991) (lag, ) (Entered: 09/26/2006) |
| 09/19/2006 | 78 | NOTICE of Voluntary Dismissal With prejudice as to Shell Motiva by Plaintiff. (Reference: 04-2600)(Penton, Ronnie) (Entered: 09/19/2006) |
| 09/19/2006 | 79 | NOTICE of Voluntary Dismissal With prejudice as to Robert Ellis et al. by Plaintiff. (Reference: 04-1771)(Derbes, Peter) (Entered: 09/19/2006) |
| 09/20/2006 | 85 | ORDER granting 84 Motion to Dismiss Case . Signed by Judge Helen G. Berrigan for Judge Lemelle. (Reference: 04-2334)(lag, ) (Entered: 09/26/2006) |
| 09/20/2006 | 87 | ORDER granting 86 Motion to Dismiss Case . Signed by Judge Helen G. Berrigan for Judge Lemelle. (Reference: 04-1991)(lag, ) (Entered: 09/26/2006) |
| 09/21/2006 | 80 | STIPULATION of Dismissal with prejudice *as to member case number 04-CV-03048, Chowdhury, et al. v. Shell et al.* by High Sulfur Content Gasoline Products Liability Litigation. (Reference: 04-3048)(Tucker, William) Proposed Order added on 9/22/2006 (lag, ). Modified on 9/22/2006 (lag, ). (Entered: 09/21/2006) |
| 09/21/2006 | 81 | NOTICE of Voluntary Dismissal with prejudice as to Shell Motiva by Plaintiff. (Reference: 04-01595)(Bruno, Joseph) (Entered: 09/21/2006) |
| 09/22/2006 | 82 | Correction of Docket Entry by Clerk re 80 Stipulation of Dismissal; Proposed Order must be separate attachment (Reference: 04-3048)(lag, ) (Entered: 09/22/2006) |
| 09/22/2006 | 83 | NOTICE of Voluntary Dismissal With prejudice as to Shell Motiva by Plaintiff by Plaintiff. (Reference: 04-1595)(Rogers, Ethel) (Entered: 09/22/2006) |
| 09/22/2006 | 88 | EXPARTE/CONSENT MOTION to Dismiss Case by Plaintiff. (Reference: 04-1771) (lag, ) (Entered: 09/26/2006) |
| 09/22/2006 | 89 | ORDER denying 88 Motion to Dismiss Case . Signed by Judge Helen G. Berrigan for Judge Lemelle. (Reference: 04-1771)(lag, ) (Entered: 09/26/2006) |
| 09/26/2006 | 90 | EXPARTE/CONSENT MOTION to Dismiss Case by Plaintiff. (Reference: ALL CASES)(lag, ) (Entered: 10/02/2006) |
| 09/29/2006 | 91 | ORDER denying 90 Motion to Dismiss Case . Signed by Judge Carl Barbier for Judge Lemelle on 9/27/06. (Reference: ALL CASES)(lag, ) (Entered: 10/02/2006) |
| 09/29/2006 | 92 | STIPULATION of Dismissal with prejudice by Plaintiff. (Reference: ALL CASES) (lag, ) (Entered: 10/02/2006) |

| 09/29/2006 | 93 | STIPULATION of Dismissal with prejudice by Plaintiff. (Reference: ALL CASES) (lag, ) (Entered: 10/02/2006) |
| 09/29/2006 | 94 | STIPULATION of Dismissal with prejudice by Plaintiff. (Reference: ALL CASES) (lag, ) (Entered: 10/02/2006) |
| 10/05/2006 | 95 | Notice of Fraud Upon Court and MOTION to Withdraw from Class Action by Plaintiff Billy Ray Kidwell. (Reference: ALL CASES)(lag, ) (Entered: 10/12/2006) |
| 10/10/2006 | 96 | Motion to Reconsider Order, or in the alternative, NOTICE OF APPEAL by Billy Ray Kidwell as to 74 Final Approval Order and Judgment. (Reference: ALL CASES)(lag, ) (Entered: 10/12/2006) |
| 10/12/2006 | 97 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-1595)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 99 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-1628)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 101 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-1688)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 103 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-1689)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 105 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-1743)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 107 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-1756)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 109 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-1771)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 111 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-2071)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 113 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-2308)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 115 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-3385)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 117 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-2334)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 119 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-1791)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 121 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-1774)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 123 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-1793)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 125 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-1914)(lag, ) (Entered: 10/19/2006) |
| 10/12/2006 | 127 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-1991)(lag, ) |

|            |     |                                                                                                                                    |
|------------|-----|------------------------------------------------------------------------------------------------------------------------------------|
|            |     | (Entered: 10/19/2006)                                                                                                               |
| 10/13/2006 | 98  | ORDER granting 97 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-1595)(lag, ) (Entered: 10/19/2006)         |
| 10/13/2006 | 100 | ORDER granting 99 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-1628)(lag, ) (Entered: 10/19/2006)         |
| 10/13/2006 | 102 | ORDER granting 101 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-1688)(lag, ) (Entered: 10/19/2006)        |
| 10/13/2006 | 104 | ORDER granting 103 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-1689)(lag, ) (Entered: 10/19/2006)        |
| 10/13/2006 | 106 | ORDER granting 105 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-1743)(lag, ) (Entered: 10/19/2006)        |
| 10/13/2006 | 108 | ORDER granting 107 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-1756)(lag, ) (Entered: 10/19/2006)        |
| 10/13/2006 | 110 | ORDER granting 109 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-1771)(lag, ) (Entered: 10/19/2006)        |
| 10/13/2006 | 112 | ORDER granting 111 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-2071)(lag, ) (Entered: 10/19/2006)        |
| 10/13/2006 | 114 | ORDER granting 113 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-2308)(lag, ) (Entered: 10/19/2006)        |
| 10/13/2006 | 116 | ORDER granting 115 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-3385)(lag, ) (Entered: 10/19/2006)        |
| 10/13/2006 | 118 | ORDER granting 117 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-2334)(lag, ) (Entered: 10/19/2006)        |
| 10/13/2006 | 120 | ORDER granting 119 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-1791)(lag, ) (Entered: 10/19/2006)        |
| 10/13/2006 | 122 | ORDER granting 121 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-1774)(lag, ) (Entered: 10/19/2006)        |
| 10/13/2006 | 124 | ORDER granting 123 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-1793)(lag, ) (Entered: 10/19/2006)        |
| 10/13/2006 | 126 | ORDER granting 125 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-1914)(lag, ) (Entered: 10/19/2006)        |
| 10/13/2006 | 128 | ORDER granting 127 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle. (Reference: 04-1991)(lag, ) (Entered: 10/19/2006)        |
| 10/20/2006 | 130 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-2600)(lag, ) (Entered: 10/26/2006)                                 |
| 10/24/2006 | 129 | EXPARTE/CONSENT MOTION to Expedite *Hearing on Joint Motion to Strike* by Plaintiff, Defendant. (Attachments: # 1 Proposed Order # 2 Proposed Pleading Motion to Strike Kidwell Motion to Reconsider Order, Notice of Fraud on the Court, and Motion to Withdraw from Class Action# 3 Proposed Order # 4 Memorandum in Support of Motion to Strike Kidwell Motion to Reconsider Order, Notice of Fraud on the Court, and Motion to Withdraw from Class Action, and Joint Response in Opposition to |

A-48

| | | Absent Class Member Kidwell's Rule 60(b)(3) Motion and Motion to Withdraw from the Class# 5 Exhibit A, B, C, and D)(Reference: ALL CASES)(Haycraft, Don) (Entered: 10/24/2006) |
|---|---|---|
| 10/24/2006 | 131 | ORDER granting 130 Motion to Dismiss . Signed by Judge Ivan L. R. Lemelle on 10/23/06. (Reference: 04-2600)(lag, ) (Entered: 10/26/2006) |
| 10/27/2006 | 132 | ORDER Setting Hearing on 129 MOTION to Expedite *Hearing on Joint Motion to Strike*, 95 MOTION to Withdraw from Class Action, and 96 Motion to Reconsider Order or in the Alternative Notice of Appeal; Motion Hearing set for 11/1/2006 before Judge Ivan L. R. Lemelle without oral argument. Signed by Judge Ivan L. R. Lemelle on 10/26/06.(Reference: ALL CASES)(lag, ) (Entered: 10/27/2006) |
| 10/30/2006 | 133 | ORDER amending 74 Final Approval Order & Judgment. Signed by Judge Ivan L. R. Lemelle on 10/23/06.(Reference: ALL CASES)(lag, ) (Entered: 10/30/2006) |
| 11/06/2006 | 136 | EXPARTE/CONSENT MOTION to Dismiss by all parties. (Reference: 04-3386)(lag, ) (Entered: 11/20/2006) |
| 11/08/2006 | 135 | ORDER that 96 Motion to Reconsider Order (final judgment),Notice of Fraud on the Court, and Motion to Withdraw from Class Action are stricken and, alternatively,denied as frivolous. All other relief sought by Kidwell not expressly addressed herein is denied. Signed by Judge Ivan L. R. Lemelle on 11/8/06.(Reference: ALL CASES)(gec, ) (Entered: 11/09/2006) |
| 11/08/2006 | 137 | ORDER granting 136 Motion to Dismiss . Signed by Judge Lance M Africk for Judge Lemelle on 11/7/06. (Reference: 04-3386)(lag, ) (Entered: 11/20/2006) |
| 11/30/2006 | 139 | ORDER of USCA dismissing 96 Notice of Appeal filed by Plaintiff, by Clerk. (Reference: ALL CASES)(lag, ) (Entered: 12/11/2006) |
| 12/07/2006 | 138 | ORDER denying as moot 129 Motion to Expedite hearing on motion to strike. Signed by Judge Ivan L. R. Lemelle on 12/6/06. (Reference: ALL CASES)(lag, ) (Entered: 12/08/2006) |
| 12/20/2006 | 140 | Notice of Compliance by all defendants re 74 Judgment, 133 Order. (Reference: ALL CASES)(Haycraft, Don) (Entered: 12/20/2006) |
| 01/22/2007 | 142 | Minute Entry for proceedings held before Judge Ivan L. R. Lemelle : Status Conference held on 1/22/2007. (Court Reporter David Zarek.) (Reference: ALL CASES)(lag, ) (Entered: 01/23/2007) |
| 01/23/2007 | 141 | ORDER Awarding Individual Atty's Fees, Costs and Expenses. Signed by Judge Ivan L. R. Lemelle on 1/22/07.(Reference: ALL CASES)(lag, ) (Entered: 01/23/2007) |
| 01/30/2007 | 143 | EXPARTE/CONSENT MOTION for Reconsideration re 141 Order ; by Plaintiff. (Attachments: # 1 Memorandum in Support # 2 Proposed Order)(Reference: 04-1632) (Murray, Stephen) Modified on 1/31/2007 (lag, ). (Entered: 01/30/2007) |
| 02/01/2007 | 144 | EXPARTE/CONSENT MOTION for Reconsideration by Plaintiff. (Attachments: # 1 Proposed Order)(Reference: 04-1632)(Penton, Ronnie) (Entered: 02/01/2007) |
| 02/02/2007 | 145 | MOTION for Reconsideration re 141 Order ; by Plaintiff. Motion Hearing set for 3/14/2007 09:00 AM before Judge Ivan L. R. Lemelle. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(Reference: 04-1632)(Derbes, Peter) (Entered: 02/02/2007) |
| 02/02/2007 | 146 | MOTION To Unseal Court Records by Plaintiff. Motion Hearing set for 3/14/2007 |

|  |  | 09:00 AM before Judge Ivan L. R. Lemelle. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(Reference: 04-1632)(Derbes, Peter) (Entered: 02/02/2007) |
|---|---|---|
| 02/02/2007 | 147 | EXPARTE/CONSENT MOTION to Appear as Counsel of Record *by Dane S. Ciolino, Esq.* by Plaintiff. (Attachments: # 1 Proposed Order)(Reference: 04-1632)(Derbes, Peter) (Entered: 02/02/2007) |
| 02/08/2007 | 148 | ORDER that the "Fee Committee" file responses to mtns to reconsider and mtn to unseal records by 2/15/07; FURTHER ORDERED that 147 Motion to Appear as Counsel of Record is denied. Signed by Judge Ivan L. R. Lemelle on 2/7/07. (Reference: ALL CASES)(lag,) (Entered: 02/09/2007) |
| 03/05/2007 | 149 | DEFICIENT REPLY to Response to Motion filed by High Sulfur Content Gasoline Products Liability Litigation re 146 MOTION To Unseal Court Records. (Attachments: # 1 Attachment #1# 2 Attachment #2)(Reference: MDL 1632)(Murray, Stephen) Modified on 3/6/2007 (lag, ). (Entered: 03/05/2007) |
| 03/09/2007 | 150 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum* by Plaintiff. (Attachments: # 1 Proposed Order # 2 Proposed Pleading Reply Memorandum# 3 Exhibit Reply Memorandum Exhibit 1)(Reference: ALL CASES)(Derbes, Peter) (Entered: 03/09/2007) |
| 03/12/2007 | 151 | ORDER Setting Hearing in camera on 143 MOTION for Reconsideration re 141 Order ; 145 MOTION for Reconsideration re 141 Order ; 146 MOTION To Unseal Court Records, 144 MOTION for Reconsideration : Motion Hearing set for 3/16/2007 09:00 AM before Judge Ivan L. R. Lemelle.. Signed by Judge Ivan L. R. Lemelle on 3/8/07. (Reference: ALL CASES)(lag, ) (Entered: 03/12/2007) |
| 03/13/2007 | 153 | ORDER granting 150 Motion for Leave to File reply memo. Signed by Judge Ivan L. R. Lemelle. (Reference: ALL CASES)(lag, ) (Entered: 03/15/2007) |
| 03/13/2007 | 155 | MOTION to Unseal Document by Plaintiff. Motion Hearing set for 3/28/2007 09:00 AM before Judge Ivan L. R. Lemelle. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(Reference: ALL CASES)(lag, ) (Entered: 03/16/2007) |
| 03/14/2007 | 152 | EXPARTE/CONSENT MOTION to Appear as Counsel of Record *(Reurged by Dane Ciolino, Esq., et al.)* by Plaintiff. (Attachments: # 1 Proposed Order)(Reference: ALL CASES)(Derbes, Peter) (Entered: 03/14/2007) |
| 03/15/2007 | 154 | REPLY to Response to Motion filed by Plaintiff re 145 MOTION for Reconsideration re 141 Order. (Attachments: # 1 Exhibit)(Reference: ALL CASES)(lag, ) (Entered: 03/15/2007) |
| 03/15/2007 | 158 | EXPARTE/CONSENT MOTION to Appear as Counsel of Record by Plaintiff. (Reference: ALL CASES)(lag, ) (Entered: 03/20/2007) |
| 03/15/2007 | 159 | ORDER granting 158 Motion to Appear as to John D. Sileo. Signed by Judge Ivan L. R. Lemelle. (Reference: ALL CASES)(lag, ) (Entered: 03/20/2007) |
| 03/16/2007 | 156 | Sealed Court Minutes of Motion Hearing (Reference: ALL CASES)(lag, ) (Entered: 03/16/2007) |
| 03/16/2007 | 157 | SEALED ORDER (Reference: ALL CASES)(lag, ) (Entered: 03/19/2007) |
| 03/21/2007 | 160 | Sealed Response (lag, ). (Entered: 03/21/2007) |
| 03/23/2007 | 161 | Sealed Memorandum (lag, ). (Entered: 03/23/2007) |

| 03/24/2007 | 162 | Sealed Motion (lag, ). (Entered: 03/24/2007) |
| 03/26/2007 | 163 | Sealed Motion (lag, ). (Entered: 03/26/2007) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/27/2007 08:11:46 | | |
| PACER Login: | bb0033 | Client Code: | 002484.0261 |
| Description: | Docket Report | Search Criteria: | 2:04-md-01632-ILRL-KWR |
| Billable Pages: | 13 | Cost: | 1.04 |

A-51

# EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LIBERTY SHELL, INC., INDIVIDUALLY                    NO. 04-1770-K-M4
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

VERSUS

SHELL OIL COMPANY, SHELL OIL
PRODUCTS, USA, AND MOTIVA
ENTERPRISES, LLC

## PLAINTIFF, LIBERTY SHELL, INC.'S
## MEMORANDUM IN SUPPORT OF
## CLASS CERTIFICATION

I.    BACKGROUND

This proposed class action arises from the delivery of elevated elemental sulfur fuel by Motiva Enterprises, LLC (Motiva) into its Kenner, LA; Biloxi, MS; Tampa, FL; and Port Everglades, FL distribution terminals. The putative class members are the gas station operators who received the "contaminated gas" and were required by Shell Oil Company ("Shell") and/or Motiva to cease fuel sales in May of 2004. All of the putative class members suffered economic damages from loss of product sales.

Motiva issued media and consumer advisories on May 26, 2004 alerting its customers and the media of a problem in New Orleans, Louisiana, with certain grades of Shell branded fuel due to "elevated levels of sulfur."[1] Motiva described the product quality issue as:

> "The elevated levels of sulfur may cause gas gauge sensors on some vehicles to malfunction."[2]

Likewise, on May 27, 2004, Motiva issued similar advisories in Mississippi and Florida noting that a product quality issue was identified as to fuel delivered to the Biloxi, Tampa

---

[1] See Exhibit A, in globo, Motiva media and consumer advisories dated 5/26/04. Mot. LS 49-51.
[2] Id.

A-53

and Port Everglades (Miami) terminals.[3] Motiva followed with a May 28, 2004 media update observing that all sales of its products, including premium fuel, were being suspended in the Port Everglades terminal area.[4]

An Associated Press article on May 28, 2004 described the fall-out from the distribution of the sulfur tainted fuel:

> NEW ORLEANS (AP) – Just before the heavy-driving Memorial Day weekend, more than 500 Shell and Texaco stations in the South have stopped selling gasoline because of high sulfur levels that can ruin vehicle fuel gauges and make an empty tank appear full. [Note: In Mercedes vehicles the tank is fail-safe, and will not show full, even if full.]
>
> The damage done by the bad gasoline could cause some drivers to run out of gas unexpectedly. Also, car owners may have to replace their fuel gauges – a repair job that can easily cost $400 to $600.
>
> The tainted gasoline originated at the Motiva Enterprises refinery in Norco, La., according to Shell Oil Co. Motiva is the refining arm of Shell in the East and South. Motiva supplied the gasoline to both Shell and Texaco.
>
> The refinery said it is investigating how the high sulfur levels occurred. Sulfur is naturally present in crude oil; some of it is supposed to be removed during refining.
>
> As of Friday, 119 Shell and Texaco stations were closed in the New Orleans area, and 400 were not selling fuel in Florida, said Shell spokeswoman Helen Bow.
>
> The problem occurred at an especially bad time for gasoline stations, which had been expecting brisk sales, at high prices, ahead of the holiday weekend.
>
> "The pumps have been off since Wednesday." Said Sri Guntaka, a cashier at a Shell station in New Orleans. "We've lost a lot of customers, hundreds of them. It's very bad.[5]

The Miami Herald on May 29, 2004 reported that approximately 450 Shell stations turned their gas pumps off "just as tourists poured on to the highways for the

---

[3] See Exhibit B, consumer advisory dated 5/27/04. Mot. LS 80-81.
[4] See Exhibit C, media update 5/28/04 Mot. LS 95-96.
[5] See Exhibit D, AP news article 5/28/04.

2

busy Memorial Day weekend. . ."[6] Joe Mansour, an owner of four Shell stations in South Tampa complained he lost: "Thousands and thousands of dollars" on the "busiest gas selling day of the year."[7] A Miami Herald follow-up story entitled "Station Owners Facing Losses in Sales" which summarized the impact of the bad gas on station operators in Miami.[8] The report quoted a Miami, Florida owner of four shell stations, Juan Carlos Diaz as estimating his stations lost $50,000 in sales on May 28, 2004, alone![9]

## II.    THE PUTATIVE CLASS MEMBERS AND THEIR CLAIMS

Liberty Shell, Inc. on June 1, 2004 filed a Class Action Petition for Damages, individually and on behalf of others similarly situated naming Shell, Motiva and Shell Oil Products, USA as defendants, in Jefferson Parish, Louisiana.[10] Initially, Liberty Shell, Inc. sought to represent putative class members defined as: All Louisiana gas station operators/owners who were supplied, the sulfur-tainted fuel from a Motiva Enterprises, L.L.C. refinery by Shell Oil Company or its subsidiary Shell Oil Products USA and suffered economic loss therefrom.[11] After removal to this Court, the plaintiff filed a Motion to Amend the Class Definition to read as follows:

> Petitioner requests this Honorable Court allow it to prosecute claims against Shell Oil Company, its subsidiary Shell Oil Products USA and Motiva Enterprises, LLC via class action proceedings on behalf of all Louisiana, Mississippi, and Florida gas station operators/owners who were supplied, since May 1, 2004 forward sulfur-tainted fuel from a Motiva Enterprises, LLC refinery by Shell Oil Company or its subsidiary Shell Oil Product USA and suffered economic loss therefrom.[12]

The Magistrate Judge granted the Motion to Amend the geographic class definition to include Mississippi and Florida gas station owners who also received the

---

[6] See Exhibit E, Miami Herald report of 5/29/04.
[7] See Exhibit F, St. Petersburg Times 5/29/04.
[8] See Exhibit G, Miami Herald, 6/4/04.
[9] Id.
[10] See Class Action Petition for Damages, paras. I-II. [Note: The parties thought class certification discovery have generally referred collectively to the defendants as Motiva or Shell.]
[11] Id. at para. I(b).
[12] See Motion to Amend, para. II.

bad gas from Motiva.[13] The claims of the class members against the defendants were alleged as:

### III.    LIABILITY

Defendants, Shell Oil Company, Shell Oil Products USA and Motiva Enterprises, as a result of the aforesaid acts and/or omissions breached its duties to the petitioner, Liberty Shell, Inc. and those similarly situated in the following non-exclusive manner:

1. Manufacturing sub-standard fuel (defective product), in that the sulfur from the crude oil was insufficiently extracted;

2. Distributing sub-standard fuel with an excessive and damaging sulfur content;

3. Failure to warn the gas station owners/operators of Louisiana of the sulfur-tainted fuel resulting in petitioners dispensing/selling the same without warning to the consumer/end-user;

4. Failure to timely correct and remediate the damages flowing to the petitioner and those similarly situated from their receipt and sale of tainted fuel of May 2004; and

5. Breaches of the Louisiana products liability law including failure to warn and manufacturing a defective product.

### V.    DAMAGES

The petitioner and those similarly situated as a proximate result of the breaches of duty heretofore enumerated as to the named defendants have sustained the following damages:

1.    Loss of revenue and corresponding profits;

2.    Loss of future sales revenue and corresponding profits;

3.    Loss of business reputation;

4.    Loss of goodwill;

5.    Interruption of business;

---

[13] See Minute Entry, Roby, M.J., November 17, 2004, Minute Entry, Roby, M.J. January 18, 2005 and Minute Entry, Roby, M.J., February 1, 2005.

A-56

6.      Indemnification costs including damages and attorney fees resulting from anticipated litigation against the petitioner for the sale of tainted fuel; and

7.      Attorney fees and costs.

IV.    THE MOTIVA/SHELL SOUTH REGION CHANNEL PARTNER STRUCTURE

The plaintiff, in support of the Motion for Class Certification, has deposed several key Motiva/Shell employees and obtained detailed financial spreadsheets of the impacted gas stations which both explain the retail and wholesale relationships between Motiva and its channel partners and specifies the total stations affected by Motiva's bad gas.

A. Deposition of Mark Gillespie[14]

Mark Gillespie was deposed on December 7, 2004 and he identified himself as a Motiva Sales Manager in its south region.[15] The witness explained that his area of responsibility included the New Orleans market.[16] Mr. Gillespie explained that there were 89 stations in his New Orleans market.[17] The witness defined a retail channel partner as an entity having contractual relationship with Motiva for the retail sale of gasoline.[18] The witness defined a CORO as contractor operated retail outlet that receives income from the ancillary business streams at the gas station.[19]

Mr. Gillespie defined a multiple site operator (MSO) similarly to a CORO in that the gas station operator received income from the ancillary businesses at the station.[20] The witness specified that 100% of the MSO's in his region sell some type of convenience item.[21]

Mr. Gillespie described the business relationship between Motiva and a MSO as "they pay us rent for the facilities that they operate, and they receive their compensation

---

[14] See Exhibit H, deposition excerpts of M. Gillespie.
[15] Id. at pp. 5-6.
[16] Id. at p. 8.
[17] Id. at p. 13.  Also see Gillespie 1, a list of the New Orleans stations under his supervision and attached hereto.
[18] Id. at p. 23.
[19] Id. at p. 24.
[20] Id. at p. 35.
[21] Id. at pp. 35-36.

A-57

from the income that they derive from the various profit centers. . . on the site."[22] The witness described a retailer operated retail outlet (RORO) as a lessee that has a facility contract and a fuel contract with Motiva.[23] Specifically, a lessee, like Liberty Shell, pays rent to Motiva and the RORO enjoys the income from all the profit centers at the site.[24] The witness defined an open retailer outlet (ORO) as an open dealer who has a fuel contract with Motiva, but Motiva does not own the property and only sells the ORO fuel.[25] The witness testified as a result of the elevated elemental fuel issue, he was instructed to "ask all stations to cease selling fuel."[26]

B. Deposition of Larry Coburn[27]

Lawrence Coburn was deposed on December 13, 2004 as the Motiva sales manager for Tampa and Southwest Florida.[28] The witness explained Motiva's retail channel partners relationships in the following exchange:

A.    Okay. It's the site – whether we own the site, the physical assets, and we lease them out to a third party, and they operate it on an independent basis from us. Or – and we got two classes of trade like that. One we call a RORO, where we sell them fuel and they're responsible for pricing the fuel and it's their fuel; it's their c-store and they run the business as they see fit within our guidelines, as far as DVP and what not. We also have what we call an MSO class of trade, where we own the fuel and they handle that fuel for us and we set the street price for it, and they also lease the – basically the car wash and the c-store operation from us –

Q.    Okay.

---

[22] Id. at p. 38.
[23] Id. at pp. 41-43.
[24] Id. at pp. 43-44.
[25] Id. at p. 52.
[26] Id. at p. 73.
[27] See Exhibit I, deposition excerpts of Mr. Coburn.
[28] Id. at p. 7.

A.    -- and run them themselves.  And we also have what we call an open dealer channel, where we simply supply a third party gasoline that we deliver to them.

Q.    Okay.  And do the – in your market area, do all the MSOs operator c-stores?

A.    Yes, they do.[29]

The witness defined a "jobber" as an entity that buys fuel from Motiva and takes delivery of the fuel at the terminal for distribution to sites owned by the jobber/third parties.[30] Mr. Coburn specified that he had 120 MSO sites within his area of responsibility.[31] Mr. Coburn observed the Motiva "crisis team" formed to address the bad gas situation instructed him to close MSO gas sales and to request all other retail channel partners to cease selling fuel until the product quality issue was resolved.[32] Mr. Coburn explained that the retail channel partners in his area were barred from selling fuel [regular/mid-range] from 1 to 6 days.[33] Mr. Coburn observed that all affected retail/channel partners in his area received a credit/reimbursement from Motiva.[34]

C.    Deposition of Arthur Driscoll[35]

Mr. Driscoll was recently deposed and he identified himself as a Motiva Retail Sales Manager for the Southeast Region of Florida.[36] The witness specified that 210 service stations fell within his region.[37] The witness defined a lessee dealer as an entity that leases the station from Motiva and sets the retail price of fuel it buys from Motiva.[38] Mr. Driscoll testified that an open dealer owns the station and purchases his fuel supply from Motiva.[39] A CORO, according to the witness, managed the station for Motiva and

---

[29] Id at. pp. 13-14.
[30] Id. at p. 16.
[31] Id. at p. 23.
[32] Id. at p. 33.
[33] Id. at p. 34.
[34] Id. at pp. 56-57.
[35] See Exhibit J, deposition excerpts of Arthur Driscoll.
[36] Id. at p. 4.
[37] Id. at p. 5.
[38] Id. at p. 14.
[39] Id. at pp. 14-15.

received profits from ancillary businesses.[40] A MSO was similar to a CORO, according to the witness, in that Motiva owns the fuel island(s) and the fuel and the MSO derives income from the ancillary businesses.[41] The witness explained that 100% of the MSOs he supervised maintained some form of convenience store type food sales,[42] Mr. Driscoll testified that upon learning that his area may be affected by the bad gas refined by Motiva, he ordered all 215 stations in his area to cease selling fuel.[43] As with Mr. Coburn's region, the witness stated that fuel sales were interrupted in his area for 1-6 days.[44] Mr. Driscoll conceded that Motiva did not compensate the retail channel partners in his area (or any area, for that matter) for ancillary business losses from being unable to sell fuel for 1-6 days.[45] The witness noted that all the stations in his area received some form of reimbursement credit as a result of the elevated elemental sulfur fuel incident.[46]

### D.    DEPOSITION OF RUSSELL BARON

Russell Barron testified at deposition and he identified himself as the wholesale channel manager in the United States for Shell Oil Products.[47] The witness described a wholesale channel partner as an entity having a contractual relationship with Shell whereby they obtained fuel directly at the terminal.[48] The witness clarified that a wholesale channel partner and a "jobber" were synonymous.[49] The witness testified that wholesalers were required to maintain Shell brand compliance at their retail sites.[50] The witness identified all of the wholesale channel partners affected by the sulfur fuel quality issue.[51] The witness indicated that the affected jobbers were contacted and informed to

---

[40] Id. at pp. 15-16.
[41] Id. at p. 17.
[42] Id. at p. 19.
[43] Id. at pp. 27-28
[44] Id. at p. 31.
[45] Id. at pp. 45-46
[46] Id. at p. 55.
[47] See Exhibit K, deposition excerpts of R. Barron.
[48] Id. at p. 5.
[49] Id. at pp. 10-11.
[50] Id. at p. 12.
[51] Id. at pp. 18-19

cease selling fuel.[52]   The wholesale channel manager also stated that "jobbers" who received the bad gas were credited by Motiva.[53]

### E.     THE MOTIVA DATA[54]

Motiva in response to discovery provided a spreadsheet which lists every gas station and/or channel partner which was required to stop selling sulfur laden fuel in May of 2004.[55]  A review of the spreadsheet indicates that all channel partners across all trade classifications were provided a credit [pump out adjustment/downgrade/rent credit] in the aftermath of the sulfur fuel crisis.[56]

### IV.  THE MOTIVA CRISIS TEAM

#### A.  Deposition of David Moss[57]

David Moss, at his deposition identified himself as the General Manager of retail in the South Region for Shell/Motiva.[58] The witness indicated he was a member of the crisis team formed to respond to the elevated sulfur fuel incident.[59]

Mr. Moss specified that he was the manager of the operations crisis team.[60] Mr. Moss testified that when he learned of the sulfur fuel situation, he contacted his managers in the region to "close the stations in certain areas."[61] The witness emphasized the order to close was not optional.[62] Mr. Moss testified that the channel partners received financial credits based on the estimated duration of each stations' closure.[63] Significantly, the crisis team manager noted that Motiva's decision to credit its channel partners "was across all channels of trade."[64] Mr. Moss elaborated that      no channel

---

[52] Id. at 23-24, also see Barron #1, attached hereto.
[53] Id. at p. 34.
[54] See Exhibit L, a compilation of the 525 Motiva Channel Partners impacted in the sulfur fuel sales cessation.
[55] Exhibit L, Mot. LS 310-324.
[56] Id.
[57] See Exhibit M, deposition excerpts of D. Moss.
[58] Id. at p. 5.
[59] Id. at p. 24.
[60] Id. at p. 32
[61] Id. at p. 36.
[62] Id. at p. 37.
[63] Id. at p. 44.
[64] Id. at pp. 45-46.

partner was compensated for its ancillary business losses.[65] Mr. Moss identified a correspondence he authored which read in part: "I am pleased to inform you that you will be receiving compensation to help with the hardship resulting from the temporary interruption of your business.[66]

### B.  Deposition of David Preston[67]

David Preston, at his deposition, testified that he was the Director of Finance and Planning, Retail U.S. for Shell/Motiva.[68] The witness indicated he was part of a crisis team that monitored the sulfur fuel incident.[69] The witness described his role on the crisis team was to determine the financial impact of the sulfur fuel incident upon Motiva (not the channel partners).[70] The witness acknowledged participating in the decision to transfer funds/credits to both retail and wholesale channel partners impacted by the sulfur fuel.[71] The witness described the rent credits given to retail channel partners as a "helpful payment to deal with the inconvenience" of the bad gas episode.[72] The witness confirmed that no channel partner was compensated by Motiva for its ancillary business losses.[73]

### V.      CLASS CERTIFICATION DISCUSSION

The goal of class actions is to conserve the resources of both the courts and the parties by permitting issues potentially affecting every class member to be litigated in an economical fashion. *General Telephone Co. of Southwest v. Falcon*, 102. S.Ct. 2364 (1982).

A district court has broad discretion in deciding whether to certify class actions. *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir. 1976). A party seeking to maintain an action as a class suit bears the burden of establishing a prima facie showing of each of the prerequisites required for class certification. *Bear v. Oglebay*, 142 F.R.D. 129, 131 (N.D. W.Va. 1992). Because of the early stage at which certification of a class is determined,

---

[65] Id. at p. 47
[66] Id. at pp. 61-62, also see Moss #2, attached hereto.
[67] See Exhibit N, deposition excerpts D. Preston
[68] Id. at p. 5.
[69] Id. at p. 24.
[70] Id. at pp. 29-30.
[71] Id. at pp. 41-42.
[72] Id. at pp. 46-47.
[73] Id at pp. 57-58.

A-62

an <u>extensive evidentiary showing is not required</u>. A movant need only show evidence sufficient for the court to form a "reasonable judgment" as to each requirement. *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976). Further, a movant is not required to prove the merits of the class claim *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 177 (1974); and the fact that the plaintiff may be unable to prove his or her claim is not proper grounds for denying class certification. *Rodger v. Elec. Data Sys. Corp.*, 160 F.R.D. 532, 538 (E.D. N.D. 1995). However, a class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites. . . have been satisfied."[74] *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).

The party seeking class certification bears the burden of demonstrating the requirements of Rule 23 have been met. *O'Sullivan v. Countrywide Home Loans, Inc.*, 319, F.3d 732, 737-738 (5th Cir. 2003).

Under Rule 23(a) of the Federal Rules of Civil Procedure there are four prerequisites to maintaining a class action:

- the class is so numerous that joinder of all members is impracticable;

- there are questions of law or fact common to the class;

- the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

- the representative parties will fairly and adequately protect the interests of the class.

A.    Numerosity

To establish numerosity, a movant must show impracticability of joinder. Fed. R. Civ. P. 23(a)(1). Whether the numerosity requirement is met depends on the facts and circumstances of each case. *Cypress v. Newport News Gen. And Nonsectarian Hosp. Ass'n., Inc.*, 375 F.2d 648, 653 (4th Cir. 1967) (class of 18 members sufficient to meet numerosity requirement); see also, e.g. *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984), *cert denied*, 469 U.S. 827 (1984) (class of 74 persons met numerosity requirement). No specific number of potential class members is needed. *Id.* at 653. In additional, the fact that the precise number of potential members cannot be ascertained

---

[74] Also see *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)

A-63

does not bar class certification. *Haywood v. Barnes*, 109 F.R.D. 568, 576 (E.D.N.C. 1986). It is sufficient that plaintiffs show that a reasonable estimate of the size of the class makes joinder impracticable. *Id.* at 576-77. Whether joinder is impracticable is a subjective determination that is based upon more than a numerical test alone. Pertinent facts include geographical diversity of class members, difficulty in identifying class members and the negative impact upon judicial economy if individual suits are required. *Christian*, 92 F.R.D. at 951.

> Professor Herbert W. Newberg a noted scholar on class actions has written: Certainly, when the class if very large – for example, numbering in the hundreds – joinder will be impracticable; but in most cases, the number that will, in itself, satisfy the prerequisite should be much lower. . . In light of prevailing precedent, the difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable.[75]

Herein, at least 525 Shell stations were financially impacted by the contaminated fuel.

  B.    Commonality

As to commonality, "[t]he fact that there is some factual variation among the class grievances will not defeat a class action. . . A common nucleus of operative facts is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Lavaditis*, 963 F.2d 1013, 1017-18 (7th Cir. 1992) (citations omitted), *cert. denied*, 506 U.S. 1051 (1933). Rule 23a(2) does not require that all questions of law and fact be common to every member of the class; rather, a single common question is sufficient to satisfy the rule. *Haywood*, 109 F.R.D. at 577. The commonality requirement is "aimed at determining whether there is a need for combining treatment" of the litigants' claims and whether there is "a benefit to be derived therefrom." *Id.*

Courts generally have a liberal attitude toward the commonality requirement and close questions as to the sufficiency of commonality tend to be resolved in favor of finding common questions. *Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2001). In

---

[75] Herbert B. Newberg, *Newberg on Class Actions* § 3.05 at 141 (2d Ed. 1985).

A-64

*Warafin Sodium Antitrust Litigation* No. 02-3603 (3d Cir. 12/8/04) the Third Circuit commented in the context of commonality, that:

> Finally, the fact that plaintiff's allege purely an economic injury as a result of DuPont's conduct (i.e. overpayment for warfarin sodium), and not any physical injury, further supports a finding of commonality and predominance because there are little or no individual proof problems in this case otherwise commonly associated with physical injury claims. See *Prudential*, 148 F.3d at 315 (noting that "the complexity of a case alleging physical injury as a result of asbestos exposure **differs greatly from a case alleging economic injury** as a result of deceptive sales practices.").

Clearly, in the instant case there exists a common nucleus of operative facts which satisfies the commonality threshold of Rule 23(a)(2).

I.   Motiva refined elevated elemental fuel in May of 2004 and distributed the same to four terminals in the south region.

II.  All of the retail/wholesale channel partners of Motiva supplied by its Kenner, Biloxi, Tampa and Port Everglades terminals were required to cease selling Shell/Texaco branded gasolines (1-6 days) between May 26, 2004 and June 1, 2004.

III. All of the Motiva channel partners operated ancillary businesses (profit centers) at the affected gas stations.

IV.  All Motiva channel partners were provided a credit or reimbursement for the hardship and inconvenience of receiving the sulfur tainted fuel.

V.   No retail or wholesale channel partner was compensated for its ancillary business losses resulting from the receipt of bad gas from Motiva.

C.   Typicality

Liberty Shell, Inc. submits that its claim of economic harm arises from the same course of events [tainted fuel] and involves legal arguments similar to those of each class member.

13

A-65

The purpose of the typicality requirement is to make sure that the representatives will be motivated to protect the interests of the class. *Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir. 1973). In other words, it "assures that the class representatives' interests are all aligned with those of the class." *Bear*, 142 F.R.D. at 131. (See e.g. *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997), *cert. denied*, 522 U.S. 1052, 118 S.Ct. ;700, 139 L.Ed.2d 643 (1998) ("The test for typicality, like the test for commonality, is not demanding."); *Paxton v. Union National Bank*, 688 F.2d 552, 561 (8th Cir. 1982), *cert denied*, 460 U.S. 1083, 103 S.Ct. 1772, 76 L.Ed.2d 345 (1983) ("The Rule does not require that every question of law or fact be common to every member of the class."); *Appleyard v. Wallace* , 754 F.2d 955, 958 (11th Cir. 1985). ("strong similarity of legal theories" may satisfy Rule 23(a)(2), even where substantial factual differences exist).

Like commonality, the test for typicality is not demanding. *Mullen v. Treasure Chest Casino, LLC.*, 183 F.3d 620, 625 (5th Cir. 1999) *cert denied* 528 U.S. 1159 (2000). Typicality is satisfied by comparing the type of damages alleged by the named plaintiff with the damages of other class members. The damages need not be identical, but the class representative(s) should have suffered the entire range of damages. *Armstrong v. Davis*, 275 F.3d 849, 868069 (9th Cir. 2001) *cert denied*, 537 U.S. 812 (2002). A plaintiff's claim is typical if it arises from the same event or practices that gives rise to the claims of the other class members, and if the claims are based on the same legal theory. Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3-43-3-76 (3d ed. 1992).

In the instant case, Liberty Shell, Inc. alleges on behalf of the class members that Motiva manufactured a defective product [sulfur tainted fuel] which resulted in economic injury. All of the class members stopped selling fuel at the direction of Motiva, and were not compensated for their ancillary business losses, which is the crux of Liberty Shell's claims. Typicality under Rule 23(a) is satisfied.

D.     Adequacy

The general test applied to the fourth requirement, adequacy of representation, is whether (1) the attorney representing the class is qualified and competent and (2) the

14

class representatives are not disqualified by an interest that is antagonistic to the remainder of the class. *Gonzales*, 474 F.2d at 172. Moreover, the final three requirements of Rule 23(a) "tend to merge" with commonality and typicality "serv[ing] as guideposts for determining whether. . . maintenance of a class action is economical and whether the named plaintiffs' claims and class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co.*, 457 U.S. at 157 n.13. Further, "the typicality and commonality requirements of the Federal Rules ensure that only those plaintiffs or defendants who can advance the same factual and legal arguments may be grouped together as a class.'" *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998) (quoting *Macs v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997)).

The attorneys representing Liberty Shell, Inc., Andre P. LaPlace and Patrick W. Pendley are qualified and competent to represent the class members in this case.[76] Attorney LaPlace has been appointed by this Honorable Court, as lead counsel.[77] Mr. Pendley is a skilled national class action attorney. Rule 23(g) is a 2003 amendment which relates to 23(a)(4) and reads in relevant part:

(g) Class Counsel.

(1)    Appointing Class Counsel.

(A)    Unless a statute provides otherwise, a court that certifies a class must appoint a class counsel.

(B)    An attorney appointed to serve as a class counsel must fairly and adequately represent the interests of the class.

(C)    In appointing class counsel, the court

(i)    must consider:

■ the work counsel has done in identifying or investigating potential claims in the action,

---

[76] See Exhibits O and P, Curriculum Vitaes of Andre P. LaPlace and Patrick W. Pendley.
[77] See Order 8/23/04.

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

- counsel's knowledge of the applicable law, and

- the resources counsel will commit to representing the class;

(ii)    may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

(iii)    may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and

(iv)    may make further orders in connection with the appointment.

(2)    Appointment Procedure.

(A)    The court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action.

(B)    When there is one applicant for appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1)(B) and (C). if more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class.

In applying Rules 23(a)(4) and 23(g), the plaintiff shows that their work, to date, on the instant cause reflects on their ability to represent the class' interests. Counsel has expanded the class definition to include all potential class members damaged by the sulfur tainted fuel incident. Thorough pre-class certification discovery is emblematic of both the work done in this case as well as the resources counsel is capable and willing to commit to their representation of the class. Accordingly, the plaintiff suggests appointment of class counsel, Messrs. LaPlace and Pendley is warranted herein.

A-68

Liberty Shell, Inc. has no interest which conflicts with or is antagonistic to the class members as it possesses the same claims for economic losses as the putative class members.

    (a) <u>Deposition of Liberty Shell, Inc.'s Representative, Mary Matta[78]</u>

Ms. Mary Matta appeared in her capacity as the corporate representative of Liberty Shell, Inc. at her December 15, 2005 deposition.[79] The witness identified herself as a college graduate with a degree in Math/Science, who previously was a high school teacher.[80] Ms. Matta explained that she and her husband operated a Shell station in Gretna, Louisiana where she worked up to 18 hours a day, after attending Shell dealership classes.[81] The witness testified that Liberty Shell obtained the Shell dealership in August of 1996.[82] Ms. Matta when asked why Liberty Shell, Inc. filed the instant action stated:

> "Because we lost income, we have to close, we lost business, lost customers, bad reputation.[83]"

In terms of Liberty Shell, Inc.'s role as a class representative, Ms. Matta observed that they will be available for depositions, court appearances and to consult with other class members.[84] The witness also exhibited a clear understanding of the financial aspects of the litigation and the agreement struck with counsel.[85] Ms. Matta testified that she has assisted counsel in discovery and reviewed the pleadings.[86] Significantly, when asked to identify the members of the class, she responded ALL the dealers in Louisiana, Mississippi and Florida that lost business and income.[87] Ms. Matta explained the station underwent an upgrade in 2000 only after she complained to Shell that the station was

---

[78] See Exhibit Q, deposition excerpts of M. Matta.
[79] Id. at p. 5.
[80] Id. at p. 7.
[81] Id. at p. 9.
[82] Id. at p. 10.
[83] Id. at p. 28.
[84] Id. at pp. 29-30.
[85] Id. at pp. 32-33.
[86] Id. at pp. 33-34.
[87] Id. at pp. 35-36.

falling down.[88] Ms. Matta noted that Liberty Shell, Inc.'s business was interrupted between May 26-28, 2004 and in actuality, Liberty Shell's business suffered thereafter because of the loss of business/customers.[89] The witness identified the station's daily sheets for the time of the bad gas incident.[90] Ms. Matta explained that Liberty Shell had no gas sales on May 27-28, 2004.[91] The witness identified plaintiff's answers to interrogatories and agreed that Liberty Shell, Inc. suffered $17,000 in gross sales losses after the sulfur fuel incident.[92]

Liberty Shell, as a lessee dealer (RORO), is uniquely qualified to act as a class representative for the owners/operators impacted by the bad gas crisis. Liberty Shell, Inc.'s claims are the same as the class it seeks to represent and will be an adequate and responsible class representative.

The proposed class action meets the requirements of Rule 23(b)(3). To satisfy Rule 23(b)(3), a movant must first show that issues common to the class are predominant. The second showing required by Rule 23(b)(3) is that a class action is superior to other methods of handling the claims in question. Fed. R. Civ. P. 23(b)(3)(A)-(D). Rule 23(b)(3) also set forth four nonexclusive factors to be considered in making findings on predominance and superiority: (A) the interest of members of the class in individuality controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Moreover, the movant must "provide an intelligible description of a cohesive class," supplying enough information so that a court may discern the type of litigants whose claims will be adjudicated by the class action and be confident that it will be able

---

[88] Id. at p. 50.
[89] Id. at p. 113.
[90] Id at p. 114, also Liberty Shell #11 [daily sheets] attached hereto.
[91] Id. at pp. 114-115.
[92] Id. at pp. 129-130.

to identify class members with ease once judgment is entered. *Christman*, 92 F.R.D. at 446.

In analyzing the certification question under Rule 23(b)(3), the Manual for Complex Litigation (2204), at Section 21.42 suggests a determination must be made as to how individual issues of fact relate to common issues and the examination of the class action procedure as compared to alternative modes of adjudication.

In the *In re: Warfarin Sodium Anti-Trust Litigation*, supra, the court of appeal undertook a comparative discussion of the commonality requirement under Rule 23(a) and predominance under Rule 23(b). *Warfarin* involved challenges to the certification of a nationwide settlement class. The court observed:

> Rule 23(a)(2)'s commonality element requires that the proposed class members share at least one question of fact or law in common with each other. See *Baby Neal, ex. rel. Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994). Rule 23(b)(3)'s predominance element in turn requires that common issues predominate over issues affecting only individual class members. See Fed. R. Civ. P. 23(b)(3). We have previously noted that the Rule 23(b)(3) predominance requirement, which is far more demanding, incorporates the Rule 23(a) commonality requirement. See *In re: LifeUSA Holding, Inc.*, 242 F.3d 136, 144 (3d Cir. 2001); see also *Amchem*, 521 U.S. at 623-24. Accordingly, we analyze the two factors together, with particular focus on the predominance requirement. See *In re: LifeUSA Holding, Inc.*, 242 F.3d at 144. The District Court found that common questions of law and fact arose from plaintiff's complaint, and that such common questions predominated over any issues affect only individual class members. We agree.

> [Also see: *McManus v. Fleetwood Enters.*, 32 F.3d 545, 548 (5th Cir. 2003) "Although 'the strength of a plaintiff's claim should not affect the certification decision', the district court must look beyond the pleadings to 'understand the claims, defenses, relevant facts, and applicable substantive

law in order to make a meaningful determination of the certification issues.'"]

The class members have a common claim for loss of income from their ancillary businesses. **MSOs, COROs, OROs [open dealers], ROROs, and jobbers all operate Shell stations in which the operator receives the income stream from the ancillary businesses. This fundamental common claim is the essential aspect of this case and predominates over the individual business relationships each class member may have with Motiva/Shell.** The class members received tainted fuel and suffered a negative financial hardship. Even Motiva recognized the hardship upon its channel partners caused by the cessation of fuel sales by way of the 6/17/04 Moss correspondence directed to <u>ALL</u> retail channel partners.

Remembering that this is <u>not</u> a nationwide class, one but merely consisting of three states, any attempt by Motiva to "over complicate" the predominance inquiry by suggesting the tort/product liability laws of 3 states are <u>so</u> diverse as to destroy predominance ignores the following:

- ■ All the class members received tainted fuel.

- ■ All the class members had to close their pumps during Memorial Day weekend.

- ■ No class member was compensated for their ancillary business losses.

As Magistrate Roby concluded after evaluating Florida, Mississippi and Louisiana law relative to the plaintiff's claim:

"It is clear that each state provides recovery of damages caused by defective products."[93]

[Also see *Smillow v. Southwestern Mobile Systems, Inc.*, 323 F.3d 32, 39-40 (1st. Cir. 2003) It appears settled that potential affirmative defenses

---

[93] Minute Entry, Roby M.J., November 17, 2004, p. 6.

against claims of individual class members will not prevent plaintiffs from satisfying the predominance requirement.]

Rule 23(b)(3) requires that "a class action [be] superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). The Rule sets out several factors relevant to the superiority inquiry. The superiority requirement "asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication." *Prudential*, 148 F.3d at 316 (internal citations and quotations omitted).

An excellent discussion of the Rule 23(b)(3) superiority requirement can be found at FRCP-Notes to Rule 23 (LII 2004):

That common questions predominate is not itself sufficient to justify a class action under subdivision (b)(3), for another method of handling the litigious situation may be available which has greater practical advantages. Thus one or more actions agreed to by the parties as test or model actions may be preferable to a class action; or it may prove feasible and preferable to consolidate actions. *Cf. Weinstein*, supra, 9 Buffalo L. Rev. at 438—54. Even when a number of separate actions are proceeding simultaneously, experience shows that the burdens on the parties and the courts can sometimes be reduced by arrangements for avoiding repetitious discovery or the like. Currently the Coordinating Committee on Multiple Litigation in the United States District Courts (a subcommittee of the Committee on Trial Practice and Technique of the Judicial Conference of the United States) is charged with developing methods of expediting such massive litigation. To reinforce the point that he court with the aid of the parties ought to assess the relative advantages of alternative procedures for handling the total controversy, subdivision (b)(3) requires, as a further condition of maintaining the class action, that the court shall find that that procedure is "superior" to the others in the particular circumstances.

Factors (A)—(D) are listed, non-exhaustively, as pertinent to the findings. The court is to consider the interests of the individual members of the class in controlling their own litigations and carrying them on as they see fit. See *Weeks v. Bareco Oil Co.*, 125

F.2d 84, 88—90, 93—94 (7th Cir. 1941) (anti-trust action); see also *Pentland v. Dravo Corp.*, 152 F.2d 851 (3d Cir. 1945, and *Chafee*, supra, at 273—75, regarding policy of Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C. § 216(b), prior to amendment by Portal-to-Portal Act of 1947, § 5(a). [The present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23, as amended.] In this connection, the court should inform itself of any litigation actually pending by or against the individuals. The interests of individuals in conducting separate lawsuits may be so strong as to call for denial of a class action. On the other hand, these interests may be theoretical rather than practical; the class may have a high degree of cohesion and prosecution of the action through representatives would be quite unobjectionable, or the amounts at stake for individuals may be so small that separate suits would be impracticable. The burden that separate suits would impose on the party opposing the class, or upon the court calendars, may also fairly be considered.

The Liberty Shell, Inc. action is the only suit filed by the operators against Motiva for economic losses arising out of tainted sulfur fuel closures. Interest in individual actions by class members is not a consideration herein. The Liberty Shell action has progressed in this forum, from removal to class certification submissions, in 8 months indicating the vigorous and extensive nature of the litigation in this forum. The Eastern District Court is the most efficacious forum for the litigation in light of the pending consumer class action; the proximity of New Orleans to the records in this case and that at least one-quarter of the class members are from the New Orleans Metropolitan area. Finally, Liberty Shell shows that this proposed action would be most properly litigated as a class action due to the "dynamics" of Motiva's aggressive control of its vertical branded fuel markets; the long term price/rent relationship of the parties; and the economics of bringing individualized claims, i.e., business loss insurance deductibles or economic retaliatory action by Motiva.

Class treatment places case management power properly within the sole authority and the broad discretion of the trial court, precisely to eliminate the potential for skewed results. Under these circumstances, class action treatment better promotes fairness to the parties than would traditional piecemeal litigation. Often, injustice results from

inconsistent judgments in separate actions. Denying class action and allowing individual suits to proceed would create a significant risk of inconsistent judgments for the claims of many similar situated plaintiffs. Inconsistent adjudications would send mixed messages to the defendants regarding the propriety of their conduct and the extent of the duty owed. In one case, a defendant could be found liable and damages awarded. In the second case, the same defendant might be found liable but no damages awarded. In yet a third case, the defendant might not be liable at all. Each of these findings would presumably be based upon the same facts and circumstances. Class actions were designed to prevent these types of inconsistencies.

Furthermore, no one can seriously argue that it is fair to subject common issues to repetitive and potentially inconsistent, adjudications. Given the similarity of the claims at bar, class wide adjudication would promote both fairness and efficiencies in resolving all of the claims resulting from the defendants' conduct. Accordingly, the class action mechanism is far more desirable than any other adjudicatory form.

In the case at bar, it is clear that class action treatment is the superior choice for resolving the plaintiffs' claims. Common questions predominate, namely those of the defendants liability for actions taken toward the entire class, i.e., distributing sulfur tainted fuel. Class action adjudication is also the most and efficient method of resolving plaintiffs' claims. Attempts by plaintiffs to individually proceed against the defendants will only result in a waste of judicial time and effort. Accordingly, class action certification is highly desirable in the claims at bar.

VI.    CLASS DEFINITION

This Honorable Court, at the conclusion of the certification hearing and upon certifying this action for class action status will define the class for purposes of publication of notice.

The plaintiff suggests that the court define the class as: All Louisiana, Mississippi and Florida, retail and wholesale channel partners of Motiva that were required to stop

A-75

selling gasoline between May 26, 2004 and June 7, 2004 due to the elevated elemental sulfur content and whom suffered economic loss, as a result thereof.

The definition, as described above, comports with the Motiva data and testimony.

VII.    <u>CONCLUSION</u>

The litigation at bar meets the four requirements of Rule 23(a), i.e., numerosity, commonality, typicality, and adequacy of representation. Rule 23(b)(3) is likewise satisfied inasmuch as (1) predominance has been demonstrated, and (2) the facts and issues surrounding this matter establish a class action procedure is the superior device to resolve the named plaintiff's and putative class members' claims against defendants.

Therefore, plaintiff respectfully requests the Court certify the class proposed herein.

By Attorney:

**ANDRE P. LaPLACE**
2762 Continental Drive, Suite 103
Baton Rouge, Louisiana 70808
Telephone No.: (225) 924-6898
Bar Roll Number: 8039

**PATRICK W. PENDLEY**
The Pendley Law Firm
24110 Eden Street
Plaquemine, LA 70764
Telephone: (225) 687-6396

<u>**CERTIFICATE**</u>

I hereby certify that a copy of the above and foregoing has this day been mailed, postage prepaid, to all counsel of record via U.S. mail, as required by F.R.C.P. art. 5(b)2(B).

Baton Rouge, Louisiana, this _4_ day of _February_, 2005.

_____
**ANDRE P. LaPLACE**

24

A-76

# EXHIBIT G

*Westlaw.*

Not Reported in F.Supp.2d                                                    Page 1

Not Reported in F.Supp.2d, 2001 WL 34368395 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**C**
Briefs and Other Related Documents
Nilssen v. Osram Sylvania, Inc.D.Del.,2001.Only
the Westlaw citation is currently available.
United States District Court,D. Delaware.
Ole K. NILSSEN and Geo Foundation, Ltd.,
Plaintiffs,
v.
OSRAM SYLVANIA, INC. and Osram Sylvania
Products, Inc., Defendants.
**No. Civ.A. 00-695-JJF.**

May 1, 2001.

Donald F. Parsons, Jr., and Mona A. Lee, of Morris,
Nichols, Arsht & Tunnell, Wilmington, Delaware,
Harry J. Roper, Raymond N. Nimrod, John E. Titus,
and Jonathon Hill, of Roper & Quigg, Chicago,
Illinois, for Plaintiffs, of counsel.
Richard K. Herrmann, of Blank Rome Comisky &
Mccauley LLP, Wilmington, Delaware, Brian D.
Sieve, Thomas G. Pasternak, Andrew M. Johnstone,
and Kevin J. O'Shea, of Kirkland & Ellis, Chicago,
Illinois, for Defendants, of counsel.

*MEMORANDUM OPINION*
FARNAN, J.
*1 Presently before the Court is Defendants' Motion
to Transfer Pursuant to 28 U.S.C. § 1404(a) (D.I.15)
. For the reasons stated below, the Court will grant
the motion.

BACKGROUND

Ole K. Nilssen ("Mr.Nilssen") is a Florida resident
with his principal place of business in Chicago,
Illinois.[FN1] (D.I. 1 at ¶ 4). Mr. Nilssen is engaged
in the business of "identifying, formulating plans
for, developing know-how and technology for, and
implementing (via licensing agreements) promising
new business opportunities in the field of
electronics, including electronic ballasts." (D.I. 1 at

¶ 8). Geo Foundation ("Geo") is a non-profit
corporation incorporated in the Cayman Islands,
British West Indies. (D.I. 1 at ¶ 5)(Mr. Nilssen and
Geo collectively referred to as "Plaintiffs").

> FN1. Mr. Nilssen contends that his
> ongoing business in Illinois, Innovations
> Center, "is now defunct." (D.I. 24, Exh. 1
> at ¶ 8). However, Plaintiffs' Complaint
> alleges that Mr. Nilssen is currently
> engaged in "business opportunities." (D.I.
> 1 at ¶ 4). Further, Mr. Nilssen admits that
> he still travels to Illinois regularly to "
> bring closure to [his] other business
> dealings that take place in Illinois." (D.I.
> 24, Exh. 1 at ¶ 8). The Court concludes
> that, for purposes of the instant motion,
> this record sufficiently establishes that Mr.
> Nilssen's principal place of business is in
> Illinois.

OSRAM Sylvania, Inc. and OSRAM Sylvania
Products, Inc. (collectively "Defendants") are
Delaware corporations with their principal places of
business in Danvers, Massachusetts. (D.I. 13 at ¶
6-7). Defendants are engaged in the business of
making and selling electronic ballasts. (D.I. 13 at ¶
¶ 11).

Plaintiffs filed the instant action against Defendants
on August 1, 2000. In their Complaint, Plaintiffs
contend that Defendants wilfully infringe twenty-six
patents that were invented and are owned by Mr.
Nilssen and of which Geo holds exclusive licenses.
[FN2] (D.I. 1 at ¶¶ 9, 10, 13). On January 24,
2001, Defendants filed the instant motion to transfer
the case to the United States District Court for the
Northern District of Illinois. (D.I.15).

> FN2. These patents include U.S. Patent
> No. B1 4,667,345; U.S. Patent No.
> 4,857,806; U.S. Patent No. 4,954,754;

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 2

Not Reported in F.Supp.2d, 2001 WL 34368395 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

U.S. Patent No. 4,983,887; U.S. Patent
No. 5,013,974; U.S. Patent No. 5,047,690;
U.S. Patent No. 5,164,637; U.S. Patent
No. 5,185,560; U.S. Patent No. 5,189,342;
U.S. Patent No. 5,191,262; U.S. Patent
No. 5,214,356; U.S. Patent No. 5,233,270;
U.S. Patent No. 5,341,067; U.S. Patent
No. 5,343,123; U.S. Patent No. 5,402,043;
U.S. Patent No. 5,416,386; U.S. Patent
No. 5,432,409; U.S. Patent No. 5,446,347;
U.S. Patent No. 5,471,118; U.S. Patent
No. 5,479,074; U.S. Patent No. 5,481,160;
U.S. Patent No. 5,510,680; U.S. Patent
No. 5,510,681; U.S. Patent No. 5,621,279;
U.S. Patent No. 5,736,819 and U.S. Patent
No. 6,002,210. (D.I. 1 at ¶ 9).

DISCUSSION

Under 28 U.S.C. § 1404(a), "for the convenience of
the parties and witnesses, in the interest of justice, a
district court may transfer any civil action to any
other district or division where it might have been
brought." 28 U.S.C. § 1404(a). Since it is
undisputed that Plaintiffs could have brought the
instant action in the Northern District of Illinois, the
Court's only task is to determine whether the factors
enumerated in § 1404(a) warrant a transfer under
the circumstances.

In determining whether or not to transfer venue
under § 1404(a), a district court must consider a
number of different factors. These factors include
several private interests: (1) the convenience of the
parties due to their relative physical and financial
conditions, (2) the convenience of the expected
witnesses, but only so far as the witnesses might be
unavailable for trial if the trial is conducted in a
certain forum, and (3) the location of books and
records, to the extent that these books and records
could not be produced in a certain forum.
*Memminger v. InfoCure Corp.*, C.A. No.
00-707-JJF, slip op. at 4 (D.Del. Nov. 14,
2000)(citing *Jumara v. State Farm Ins. Co.*, 55
F.3d 873, 879 (3d Cir.1995)).[FN3] These factors
also include several public interests:

FN3. *Jumara* also listed the following

private interests that district courts should
consider: (1) the plaintiff's choice of
forum, (2) the defendant's preferred forum,
and (3) whether the claim arose elsewhere.
55 F.3d at 879. Subsequent decisions of
this Court, however, have determined that
these interests are subsumed by the other
*Jumara* factors. *Memminger*, slip op. at 5.
Therefore, to avoid considering the same
interests twice, the Court will not
considered them separately. *Id.*

(1) the enforceability of the judgment, (2) practical
considerations regarding the ease, speed, or expense
of trial, (3) the administrative difficulty due to court
congestion, (4) the local interest in deciding local
controversies in the home forum, (5) the public
policies of the two fora, and (6) the trial judge's
familiarity with the applicable state law in diversity
cases.
*2 *Id.* (citing *Jumara*, 55 F.3d at 879-80). When
determining whether or not transfer is warranted
under the circumstances, district courts must
balance all of the relevant factors. *Jumara*, 55 F.3d
at 883. "The burden is upon the [moving party] to
establish that the balance of the [factors] strongly
weighs in favor of the requested transfer, and a
transfer will be denied if the factors are evenly
balanced or weigh only slightly in favor of the
transfer." *Memminger*, slip op. at 4-5. Below, the
Court will analyze the factors relevant to the instant
motion.

A. Convenience of the Parties

The Court concludes that the convenience of the
parties due to their relative physical and financial
conditions weighs slightly in favor of transfer.
Defendants' principal places of business are located
in Danvers, Massachusetts. (D.I. 16 at 5). Many of
Defendants' accused products are manufactured in
Lake Zurich, Illinois, which is within the Northern
District of Illinois. (D.I. 16 at 5). Defendants'
contacts with Delaware, on the other hand, are
minimal: Defendants are incorporated under
Delaware law, Defendants have one salesperson
who works out of a home office in Delaware, and
some of Defendants' accused products are sold in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A-79

Not Reported in F.Supp.2d                                                    Page 3

Not Reported in F.Supp.2d, 2001 WL 34368395 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Delaware.[FN4] (D.I. 16 at 5). *See Memminger,* slip op. at 6-7 (recognizing that the mere fact a defendant is incorporated in a given forum does not mean that transfer to another forum is not warranted); *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.,* 11 F.Supp.2d 729, 730-30 (S.D.N.Y.1998)(holding that the Southern District of New York's connection to the litigation was "tenuous" for purposes of venue transfer analysis when the defendant was incorporated in New York and over 100 of the defendant's allegedly infringing products were sold in New York). Also supporting the requested transfer is the fact that Mr. Nilssen's principal place of business is in Illinois, and that several of his current and former employees reside in Illinois.

> FN4. Plaintiffs' contention that their "claim arose" in Delaware, because some of Defendants' accused products are sold in Delaware, lacks merit. Defendants' products are sold nationwide; therefore, Delaware does not have any special "connection" to the case that would weigh against the requested transfer.

Based on these considerations, the Court concludes that it would be more convenient to litigate in the Northern District of Illinois rather than in Delaware. However, this factor weighs only slightly in favor of transfer because both Defendants are large companies that are financially capable of litigating in a distant forum. *Motorola Inc. v. PC-Tel. Inc.,* 58 F.Supp.2d 349, 358 (D.Del.1999)(holding that when the party seeking transfer is a multimillion dollar company, unless the company can articulate "some unique or unexpected burden" associated with litigating in a distant forum, this factor only weighs slightly in favor of transfer).

### B. Convenience of the Witnesses

The Court concludes that the convenience of the witnesses weighs strongly in favor of transfer. The convenience of the witnesses is the most important factor in venue transfer analysis. *Mentor Graphics v. Quickturn Design Sys., Inc.,* 77 F.Supp.2d 505, 510 (D.Del.1999). The convenience of a witness is only relevant, however, "to the extent the witness may actually be unavailable for trial in one of the fora." *Asten Inc. v. Weavexx Corp.,* 2000 WL 1728354, at *4 (D.Del. Feb. 11, 2000)(quoting *Jumara,* 55 F.3d at 879). A party need not allege that a witness definitely will be unavailable for trial; rather, it is sufficient for purposes of venue transfer analysis if the witness is not subject to a court's subpoena power. *Mentor Graphics,* 77 F.Supp.2d at 511. However, witnesses employed by the parties are not considered by a court conducting venue transfer analysis because the parties are obligated to procure the presence of their own employees at trial. *Id.*

*3 In the instant case, Defendants contend that no witnesses reside in Delaware but that a number of principal witnesses reside in the Northern District of Illinois, including: (1) Dale Fiene-an employee of Mr. Nilssen, (2) Robert Schneider-a former employee of Mr. Nilssen, (3) employees of Defendants, (4) employees of Motorola, Inc, and (5) employees of Advance Transformer, Inc. ("Advance"). (D.I. 16 at 10). In response, Plaintiffs contend that Defendants' contentions are unavailing because (1) Defendants have failed to explain the nature of these witnesses' testimony, and in several cases, have even failed to name the witnesses, (2) Defendants have failed to show that the use of videotaped deposition testimony would be an inadequate substitute for live trial testimony, and (3) Defendants have not alleged that any witnesses actually will be unavailable for trial. (D.I. 25 at 11).

The Court concludes that Plaintiffs' second and third arguments can be summarily rejected. As to Plaintiffs' third argument, as previously discussed, a party only needs to establish that witnesses might be unavailable for trial. As to Plaintiffs' second argument, the Court concludes that videotaped depositions are not an adequate substitute for live trial testimony when conducting venue transfer analysis because "[v]ideo depositions ... are unlikely to hold the rapt attention of a jury." *AlliedSignal, Inc. v. Cooper Auto., Inc.,* 1997 U.S. Dist. LEXIS 22902, at *11 n. 4 (D.Del. July 30, 1997).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 4

Not Reported in F.Supp.2d, 2001 WL 34368395 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Plaintiffs' first argument warrants more consideration. One of these witnesses, Dale Fiene, is a current employee of Mr. Nilssen; therefore, the Court concludes that Mr. Fiene should not be considered in the analysis. [FN5] (D.I. 24 at 9). The Court also agrees that Defendants' employees do not weigh into the analysis. However, Mr. Schneider, a former employee of Mr. Nilssen, and employees from Motorola and Advance do warrant consideration because they are potential third party witnesses.

>FN5. To the extent that Mr. Nilssen admits that Mr. Fiene is a current employee, such admission belies Mr. Nilssen's attempt to downplay the extent of his business contacts in Illinois.

Plaintiffs contend that these potential third party witnesses do not weigh in favor of transfer because Defendants have failed to specifically identify many of these witnesses by name and/or the content of their testimony. (D.I. 24 at 10-11). However, Defendants specifically identify Mr. Schneider and note that his testimony is relevant because Mr. Schneider has submitted a number of affidavits to the PTO on Mr. Nilssen's behalf. (D.I. 16 at 10). Mr. Schneider's knowledge is relevant to Defendants' affirmative defenses, especially Defendants' allegations of inequitable conduct by Mr. Nilssen during the prosecution of many of the patents in suit.

Defendants' potential witnesses from Motorola and Advance have not been identified by name. However, Defendants indicate that Motorola's employees will testify about Motorola's business dealings with Mr. Nilssen and about prior art to the patents in suit. (D.I. 16 at 10). Defendants also indicate that Advance's employees will provide relevant testimony about a reasonable royalty and about prior art.[FN6] (D.I. 16 at 10). The Court concludes that such identification, especially when fact discovery has yet to take place and when Plaintiffs have yet to specify the specific patent claims and products implicated in the lawsuit, is sufficient for purposes of venue transfer analysis. [FN7] Therefore, the Court concludes that the

convenience of the witnesses strongly weighs in favor of transfer.

>FN6. Advance's employees are knowledgeable on such issues because Advance has a license agreement with Mr. Nilssen. (D.I. 16 at 10).

>FN7. The cases cited by Plaintiffs in which the Court refused to afford unnamed witnesses any weight in the analysis involved situations where the movant merely stated that some witnesses existed that would not be available for trial. (D.I. 24 at 10-11)(citing *Motorola*, 58 F.Supp.2d at 359; *Sunds Defribator, Inc. v. Durametal Corp.*, 1997 WL 74660, at *3 (D.Del. Jan. 31, 1997)). Defendants' identification of the witnesses distinguishes the instant case from *Motorola* and *Sunds Defribator*.

C. Practical Considerations

*4 The Court also concludes that practical considerations regarding the ease, speed, or expense of trial strongly weigh in favor of the requested transfer. If related cases are pending in the district to which transfer is sought, such fact weighs in favor of the transfer. *Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 206 (D.Del.1998). In a recent case granting a motion to transfer, the Court relied heavily on the existence of patent litigation in another forum involving "a parent patent of the one at issue" and a patent involving a similar type of product which was arguably "directly related" to the patent at issue. *Brunswick Corp. v. Precor Incorp.*, 2000 WL 1876477, at *3, n. 2 (D.Del. Dec. 12, 2000).

In the instant action, Plaintiffs allege infringement of twenty-six patents, at least six of which are also being litigated in the Northern District of Illinois.[FN8] In the Illinois cases, *Markman* rulings have already been issued and case dispositive motions have already been filed. (D.I. 16 at 4). Therefore, the Court concludes that the waste of judicial resources in requiring two different courts to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A-81

Not Reported in F.Supp.2d, 2001 WL 34368395 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

construe at least six of the same patents, [FN9] and to render *Markman* rulings on each of these patents, is a factor that strongly weighs in favor of transfer. [FN10]

FN8. The number of patents in the instant case that overlap with patents involved in cases pending in the Northern District of Illinois is in dispute. Defendants contend that thirteen of the patents in this case are being litigated in *Nilssen v. Motorola, Inc.*, Case No. 96-5571, and that three of these patents are also being litigated in *Nilssen v. MagneTek, Inc.*, Case No. 98-2229. (D.I. 16 at 4). Plaintiffs respond that only six patents overlap between the *Motorola* case and the action presently before the Court. (D.I. 24 at 12 & n. 4). The Court concludes that it is unnecessary to determine exactly how many of the patents overlap and will accept as true, for purposes of this motion, that only six patents overlap.

FN9. Defendants point out that the file wrapper for one of the overlapping patents consists of over 1,700 pages.

FN10. Plaintiffs contend that the doctrine of collateral estoppel will prevent any waste of judicial resources by precluding duplicative litigation. However, collateral estoppel only applies when a final judgment is rendered, so it could take months or years for collateral estoppel to become applicable. If *Markman* rulings are issued in the instant case that conflict with those rendered in the Northern District of Illinois prior to collateral estoppel becoming applicable, this could result in inconsistent judgments virtually guaranteeing that one of the judgments will get reversed on appeal. This judicial waste can be avoided by granting the instant motion to transfer.

### CONCLUSION

In balance, the Court concludes that the relevant factors strongly weigh in favor of a transfer to the Northern District of Illinois. Both the convenience of the witnesses and practical considerations strongly weigh in favor of transfer, and the convenience of the parties weighs slightly in favor of transfer. On the other hand, no factors weigh against the requested transfer. [FN11] As a result, the Court concludes that a transfer to the Northern District of Illinois is warranted under the circumstances.

FN11. Plaintiffs contend that they have a legitimate desire to litigate in Delaware in order to quickly resolve the matter, and that this factor weighs in favor of transfer. (D.I. 24 at 12). However, the statistical evidence submitted by Defendants reveal that civil cases are, on average, resolved more quickly in the Northern District of Illinois than in Delaware; however, in cases that ultimately go to trial, Delaware is a more expedient forum. (D.I.16, Exh. H). Furthermore, Plaintiffs have admitted that the slow pace in the cases pending in the Northern District of Illinois is "due to the pace set by the lawyers." (D.I. 25, Exh. B at 2). Plaintiffs nonetheless assert that, because a trial date has already been set in the instant case for February 11, 2002, the instant suit will be resolved more quickly if tried in Delaware. However, in complex patent cases such as this, the initial trial date is often pushed back as discovery problems arise. Considering the number of patents at issue in this case and that discovery has yet to commence, the February 11, 2002 trial date looks unrealistic.
After the briefing in this matter was completed, Plaintiffs sent two letters to the Court (D.I. 27; D.I. 28) indicating that the summary judgment motions pending in the Northern District of Illinois cases were going to be further delayed because the motions had been referred to a special master. However, the Northern District of Illinois's referral order, which is attached

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A-82

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2001 WL 34368395 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

    to one of Plaintiffs' letters, highlights the fact that quick resolution of the lawsuit in this District is unlikely. The Order stated that: "the voluminous documents and arguments involved in the case" and "the legal and factual complexity of the case" would be such a drain on judicial resources that the appointment of a special master is warranted. (D.I.28). The Court concludes that requiring two different courts to duplicate much of the same work would be inefficient and would not produce a more expedient resolution in this forum.

An appropriate Order will be entered.

### ORDER

At Wilmington, this *1* day of May, 2001, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (D.I.15) is *GRANTED.*

D.Del.,2001.
Nilssen v. Osram Sylvania, Inc.
Not Reported in F.Supp.2d, 2001 WL 34368395 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:00cv00695 (Docket) (Aug. 01, 2000)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A-83