UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MP VISTA, INC., HABIB PETROLEUM, and WARREN'S SHELL, INC. INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED, | No. 1:07-CV-00099-*** |
| Plaintiffs, | |
| vs. | |
| MOTIVA ENTERPRISES LLC and SHELL OIL COMPANY, | |
| Defendants. | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT**
**OF THEIR MOTION TO TRANSFER VENUE**

PAUL M. LUKOFF (I.D. No. 96)
Prickett, Jones & Elliott, P.A.
1310 King Street
P. O. Box 1328
Wilmington, DE 19899
(302) 888-6500
Attorneys for Motiva Enterprises LLC
And Shell Oil Company

DATE: April 27, 2007

17226.56\332968v1

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF CITATIONS AND AUTHORITIES ........................................................................ ii

ARGUMENT .................................................................................................................................. 1

CONCLUSION ............................................................................................................................... 4

17226.56\332955v1HOU01:1025607

# TABLE OF CITATIONS AND AUTHORITIES

28 U.S.C. §1404(a) ................................................................................................................. 1, 3

*Affymetrix, Inc. v. Synteni Inc.*,
    28 F. Supp. 2d 192 (D. Del. 1998) ..................................................................................... 1

*Jahncke Service, Inc. v. OKC Corp.*,
    301 F. Supp. 866 (D. Del. 1969) ...................................................................................... 3, 4

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3rd Cir. 1995) ................................................................................................. 1

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ............................................................................................................ 3

*Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*,
    775 F. Supp. 759 (D. Del. 1991) ......................................................................................... 1

*Yang v. Odum*,
    409 F. Supp. 2d 599 (D.N.J. 2006) .................................................................................. 1, 3

17226.56\332955v1HOU01:1025607

## DEFENDANTS' REPLY IN SUPPORT
## OF THEIR MOTION TO TRANSFER VENUE

Plaintiffs' response completely fails to address the primary argument supporting a transfer of this case to the Eastern District of Louisiana—namely that, by filing suit here, Plaintiffs have engaged in transparent forum shopping in hopes of avoiding a prior, interim ruling in that district. Plaintiffs' response confirms that neither they nor *any* of the absent class members have any connection to Delaware whatsoever. Plaintiffs' response further confirms that the underlying events occurred in the Eastern District of Louisiana and that, although Defendants are organized in Delaware, most of the relevant post-incident decisions were made far from Delaware at Defendants' headquarters in Houston, Texas. The 2004 sulfur incident has spawned a wave of litigation, including a federal MDL proceeding, all of which has been conducted over the past three years in the Eastern District of Louisiana before Judge Lemelle. District courts have substantial discretion in evaluating the factors relevant to a transfer motion and, under the circumstances present here, Section 1404(a) provides ample authority for transferring a case to a more appropriate district "in the interest of justice." 28 U.S.C. §1404(a); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3rd Cir. 1995).

### ARGUMENT

"Courts will not blindly prefer the plaintiff's choice of forum." *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 765 (D. Del. 1991). It is well-recognized that "the weaker the connection between the forum and *either* the plaintiff *or* the lawsuit," the more appropriate it is to transfer a case under Section 1404(a). *Affymetrix, Inc. v. Synteni Inc.*, 28 F. Supp. 2d 192, 199 (D. Del. 1998). This is particularly true where it is clear that the plaintiffs are engaging in forum shopping to avoid the effect of a prior ruling in another court. *See Yang v. Odum,* 409 F. Supp. 2d 599, 605 (D.N.J. 2006) (noting that a plaintiff "should not be able to

17226.56\332955v1HOU01:1025607

manipulate our courts" by strategically selecting a forum to avoid prior rulings on identical issues).

Here, Plaintiffs' response serves to highlight the extent to which Plaintiffs are engaged in forum shopping. Plaintiffs concede that a virtually identical suit, styled *Liberty Shell*, was filed in the Eastern District of Louisiana on behalf of the same putative class of retailers involved here. (Resp. at 6.) Plaintiffs' counsel was lead counsel in *Liberty Shell*, and all but one of the exhibits attached to Plaintiffs' response consist of pleadings, orders, and discovery materials from that earlier case.[1] After more than two years supervising the litigation, Judge Lemelle denied the *Liberty Shell* plaintiffs' motion for class certification because the hundreds of differently-situated retailers could not establish a predominance of common issues or present a formulaic method for calculating the alleged damages. (Def. Appendix at A-26.) However, as Plaintiffs' here expressly recognize, Judge Lemelle's denial of class certification was an *interim* ruling, made without prejudice. (Resp. at 6.) In fact, at the end of the class certification hearing, Judge Lemelle expressly invited the *Liberty Shell* plaintiffs to do further work and bring forward another motion for class certification:

> [M]y statement that class certification here founders on the issue of predominance does not necessarily [prevent] me revisiting that if further actions of the parties here might rectify the problem . . . .
>
> . . . [S]o the motion is denied, but again, I really mean that it's without prejudice because, you know, who knows. I might get something that would convince me to do something else.

(Def. Appendix. at A-26 - A-27.)

Rather than attempting to persuade Judge Lemelle to change his mind on class certification, however, the plaintiffs quickly settled Liberty Shell's individual claims and re-filed

---

[1] The bates prefix "MOT.LS" on Plaintiffs' exhibits indicates documents that were produced by Defendants in *Liberty Shell*.

a new putative class action in this district. (*See* Def. Appendix at A-11.) Given that Plaintiffs are obviously attempting to avoid the impact of Judge Lemelle's initial ruling by starting over in another district, their choice of forum is entitled to no weight in the transfer analysis. *See Yang*, 409 F. Supp. at 605 (transferring a case because courts should not countenance strategic forum shopping by plaintiffs). Moreover, in light of Plaintiffs' gamesmanship with respect to the forum, the mere fact that Defendants are organized in Delaware is not a sufficient basis for retaining venue here. *See Jahncke Service, Inc. v. OKC Corp.*, 301 F. Supp. 866, 868 (D. Del. 1969) ("[T]he fact[] that Delaware is plaintiff's choice of forum and defendant's state of incorporation, standing alone, do not control the theatre of litigation under the criteria set forth in 1404(a).") (quotation omitted).

The purpose of §1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation omitted). Judge Lemelle and Magistrate Judge Roby have devoted more than three years of "time" and "energy" to overseeing litigation concerning the consequences of the sulfur incident. In light of this substantial investment by the judicial system, the interests of justice militate in favor of transfer. Likewise, the private interests support transfer because it is essentially undisputed that the underlying events happened, all of the parties on *both sides* are headquartered, and most of the relevant witnesses are located in states along the Gulf Coast, far from Delaware. *See Jahncke Service, Inc.*, 301 F. Supp. at 868 (transferring a case from the District of Delaware to the Eastern District of Louisiana because both parties' "bases of operation" and nearly all the witnesses and documents could be found in Louisiana, Texas, or Oklahoma, and because a related suit was pending in Louisiana).

Finally, Plaintiffs' suggestion that post-Katrina difficulties make New Orleans an inhospitable forum is simply not credible. Regardless of the extent of those problems, the federal courts are open and functioning in New Orleans. Indeed, post-Katrina difficulties did not prevent Judge Lemelle from conducting the class certification hearing in *Liberty Shell* on July 26, 2006, approximately 10 months after the storm. (*See* Def. Appendix at A-24.)

## CONCLUSION

Because the interests of justice as well as the private interests of the parties would be best served by transferring this litigation to the Eastern District of Louisiana, Defendants' motion to transfer venue should be granted.

PRICKETT, JONES & ELLIOTT, P.A.

BY: *Paul M. Lukoff*
PAUL M. LUKOFF (I.D. No. 96)
1310 King Street
P. O. Box 1328
Wilmington, DE 19899
(302) 888-6500
(302) 658-8111 (Facsimile)

ATTORNEYS FOR DEFENDANTS
MOTIVA ENTERPRISES LLC AND
SHELL OIL COMPANY

Dated: April 27, 2007

Of Counsel:

David M. Rodi
State Bar No. 00797334
Jennifer A. Powis
State Bar No. 24041716
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, TX 77002
(713) 229-1234
(713) 229-1522 (Facsimile)


Ann Spiegel
State Bar No. 061223
1300 S.W. 5th Avenue
Suite 2500
Portland, OR 97201
(503) 295-4033
(503) 778-5299 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2007, a true and correct copy of the foregoing was sent via electronic mail to all counsel of record.

Jonathan B. O'Neill, Esq.
Morton R. Kimmel, Esq.
Michael D. Bednash, Esq.
Kimmel, Carter, Roman & Peltz, P.A.
200 Biddle Avenue, Suite 101
Springside Plaza
Newark, Delaware 19702

Andre P. LaPlace, Esquire
Law Firm of Andre P. LaPlace
2762 Continental Drive, Suite 103
Baton Rouge, LA 0808

_____
PAUL M. LUKOFF (I.D. No. 96)
Prickett, Jones & Elliott, P.A.
1310 King Street
P. O. Box 1328
Wilmington, DE 19899
(302) 888-6500