# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MP VISTA, INC., HABIB PETROLEUM, and :
WARREN'S SHELL, INC. INDIVIDUALLY :  No. 1:07-CV-00099-***
AND ON BEHALF OF THOSE SIMILARLY :
SITUATED         :
             :
vs.             :
             :
MOTIVA ENTERPRISES LLC and   :
SHELL OIL COMPANY      :

## REVISED JOINT SCHEDULING PROPOSAL

On April 25, 2007, counsel for the parties conferred by telephone pursuant to Rule 26(f). Thereafter, the parties agreed to submit this joint scheduling proposal to the Court.

Defendants have filed a motion to transfer venue in this putative class action to the Eastern District of Louisiana, where a similar case arising out of the same events was pending until recently. The parties agree that the typical scheduling deadlines should not begin to run until after the Court has ruled on the venue motion. If the case remains in this district after the venue ruling, the parties further agree that a phased schedule is appropriate, with class discovery to be completed and a class certification hearing to be conducted before merits issues are reached.

Accordingly, the parties jointly propose that the Court adopt the following schedule for resolving the class issues in this case, in the event that venue is not transferred:

1.  <u>Joinder</u>. The deadline for motions to join other party or to amend pleadings is June 2, 2007.

2.  <u>Initial Disclosures</u>. The parties shall make their initial disclosures pursuant to Rule 26(a)(1) within **15 days** after the venue ruling.

3.     Fact Discovery on Class Issues.   Discovery on class issues shall be initiated so that it will be completed within **90 days** after the venue ruling.   This includes depositions of the named plaintiffs.  Each side is limited to 40 hours of total deposition time.

3.a.   Discovery Disputes.   Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.   Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.     Plaintiffs' Experts on Class Certification Issues.  Plaintiffs shall designate and serve an expert report for any experts on class issues within **120 days** after the venue ruling. Plaintiffs' class experts shall be deposed within **145 days** after the venue ruling.

5.     Defendants' Experts on Class Certification Issues.   Defendants shall designate and serve an expert report for any experts on class issues within **145 days** after the venue ruling.  Defendants' class experts shall be deposed within **170 days** after the venue ruling.

6.     Class Certification Briefing Schedule.  Plaintiffs shall file a motion for class certification within **200 days** after the venue ruling.  Defendants shall file a response 20

days after Plaintiffs' motion is filed.  Plaintiffs shall file any reply 20 days after Defendants'
response is filed.

       7.     <u>Class Certification Hearing</u>.  The Court shall schedule a class certification
hearing on a convenient date sometime at least **240 days** after the venue ruling.

       8.     <u>Scheduling for Remaining Merits Issues</u>.  Following a ruling on the class
certification motion, the parties shall promptly report to the Court on a proposed schedule for any
remaining items that need to be completed before a trial on the merits is scheduled.

KIMMEL CARTER ROMAN & PELTZ, P.A.    PRICKETT, JONES & ELLIOTT, P.A.


By: /s/ MICHAEL D. BEDNASH         By: /s/ PAUL M. LUKOFF
    Morton R. Kimmel (I.D. No. 132)        Paul M. Lukoff (I.D. No. 96)
    Michael D. Bednash (I.D. No. 2498)     David E. Brand  I.D. No. 201)
    Jonathan B. O'Neill (I.D. No. 4442)     1310 King Street
    200 Biddle Avenue, Suite 101         P. O. Box 1328
    Springside Plaza               Wilmington, DE 19899
    Newark, Delaware 19702          (302) 888-6500
    (302) 392-2000

*Of Counsel:*                     *Of Counsel:*

Andre P. LaPlace              David M. Rodi
Louisiana Bar No. 8039         Texas Bar No. 00797334
2762 Continental Drive         Jennifer A. Powis
Suite 103                  Texas Bar No. 24041716
Baton Rouge, LA  70808        BAKER BOTTS L.L.P.
(225) 924-6898              910 Louisiana St.
ATTORNEYS FOR PLAINTIFFS     Houston, TX  77002
                             (713) 229-1234
                             (713) 229-1522 (Facsimile)

                             Ann Spiegel
                             Oregon Bar No. 061223
                             1300 S.W. 5th Avenue
                             Suite 2300
                             Portland, OR  97201
Date:  May 2, 2007           DAVID WRIGHT TREMAINE LLP
                             (503) 778-5215
                             (503) 276-5816 (Facsimile)
                             ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2007, a true and correct copy of the foregoing was sent via electronic mail to all counsel of record:

Jonathan B. O'Neill, Esq.
Morton R. Kimmel, Esq.
Michael D. Bednash, Esq.
Kimmel, Carter, Roman & Peltz, P.A.
200 Biddle Avenue, Suite 101
Springside Plaza
Newark, Delaware 19702

Andre P. LaPlace, Esquire
Law Firm of Andre P. LaPlace
2762 Continental Drive, Suite 103
Baton Rouge, LA 0808

PAUL M. LUKOFF (I.D. No. 96)

17226.56\333281v1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MP VISTA, INC., HABIB PETROLEUM, and :
WARREN'S SHELL, INC. INDIVIDUALLY  :          No. 1:07-CV-00099-***
AND ON BEHALF OF THOSE SIMILARLY :
SITUATED                           :
                                   :
vs.                                :
                                   :
MOTIVA ENTERPRISES LLC and         :
SHELL OIL COMPANY                  :

## ORDER APPROVING THE PARTIES' REVISED JOINT SCHEDULING PROPOSAL

On May 2, 2007, the Court conducted a preliminary scheduling conference by telephone. Before the conference, the parties submitted a Joint Scheduling Proposal concerning deadlines for the class discovery phase of this case. The Court hereby **APPROVES AND ADOPTS** the parties' proposal as a Scheduling Order for this matter.

_____
UNITED STATES MAGISTRATE JUDGE


Dated: _____