UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MP VISTA, INC., HABIB PETROLEUM, and :
WARREN'S SHELL, INC. INDIVIDUALLY :   No. 1:07-CV-00099-***
AND ON BEHALF OF THOSE SIMILARLY :
SITUATED :
:
vs. :
:
MOTIVA ENTERPRISES LLC and :
SHELL OIL COMPANY :

### REVISED JOINT SCHEDULING PROPOSAL

On April 25, 2007, counsel for the parties conferred by telephone pursuant to Rule 26(f). Thereafter, the parties agreed to submit this joint scheduling proposal to the Court.

Defendants have filed a motion to transfer venue in this putative class action to the Eastern District of Louisiana, where a similar case arising out of the same events was pending until recently. The parties agree that the typical scheduling deadlines should not begin to run until after the Court has ruled on the venue motion. If the case remains in this district after the venue ruling, the parties further agree that a phased schedule is appropriate, with class discovery to be completed and a class certification hearing to be conducted before merits issues are reached.

Accordingly, the parties jointly propose that the Court adopt the following schedule for resolving the class issues in this case, in the event that venue is not transferred:

1.   Joinder. The deadline for motions to join other party or to amend pleadings is June 2, 2007.

2.   Initial Disclosures. The parties shall make their initial disclosures pursuant to Rule 26(a)(1) within **15 days** after the venue ruling.

Case 1:07-cv-00099-***   Document 21   Filed 05/02/2007   Page 2 of 4

3. <u>Fact Discovery on Class Issues</u>. Discovery on class issues shall be initiated so that it will be completed within **90 days** after the venue ruling. This includes depositions of the named plaintiffs. Each side is limited to 40 hours of total deposition time.

3.a. <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. <u>Plaintiffs' Experts on Class Certification Issues.</u> Plaintiffs shall designate and serve an expert report for any experts on class issues within **120 days** after the venue ruling. Plaintiffs' class experts shall be deposed within **145 days** after the venue ruling.

5. <u>Defendants' Experts on Class Certification Issues</u>. Defendants shall designate and serve an expert report for any experts on class issues within **145 days** after the venue ruling. Defendants' class experts shall be deposed within **170 days** after the venue ruling.

6. <u>Class Certification Briefing Schedule</u>. Plaintiffs shall file a motion for class certification within **200 days** after the venue ruling. Defendants shall file a response 20

days after Plaintiffs' motion is filed. Plaintiffs shall file any reply 20 days after Defendants' response is filed.

    7.    <u>Class Certification Hearing</u>. The Court shall schedule a class certification hearing on a convenient date sometime at least **240 days** after the venue ruling.

    8.    <u>Scheduling for Remaining Merits Issues</u>. Following a ruling on the class certification motion, the parties shall promptly report to the Court on a proposed schedule for any remaining items that need to be completed before a trial on the merits is scheduled.

| KIMMEL CARTER ROMAN & PELTZ, P.A. | PRICKETT, JONES & ELLIOTT, P.A. |
|---|---|
| By: /s/ MICHAEL D. BEDNASH<br>Morton R. Kimmel (I.D. No. 132)<br>Michael D. Bednash (I.D. No. 2498)<br>Jonathan B. O'Neill (I.D. No. 4442)<br>200 Biddle Avenue, Suite 101<br>Springside Plaza<br>Newark, Delaware 19702<br>(302) 392-2000 | By: /s/ PAUL M. LUKOFF<br>Paul M. Lukoff (I.D. No. 96)<br>David E. Brand  I.D. No. 201)<br>1310 King Street<br>P. O. Box 1328<br>Wilmington, DE 19899<br>(302) 888-6500 |
| *Of Counsel:*<br><br>Andre P. LaPlace<br>Louisiana Bar No. 8039<br>2762 Continental Drive<br>Suite 103<br>Baton Rouge, LA 70808<br>(225) 924-6898<br>ATTORNEYS FOR PLAINTIFFS | *Of Counsel:*<br><br>David M. Rodi<br>Texas Bar No. 00797334<br>Jennifer A. Powis<br>Texas Bar No. 24041716<br>BAKER BOTTS L.L.P.<br>910 Louisiana St.<br>Houston, TX 77002<br>(713) 229-1234<br>(713) 229-1522 (Facsimile)<br><br>Ann Spiegel<br>Oregon Bar No. 061223<br>1300 S.W. 5th Avenue<br>Suite 2300<br>Portland, OR 97201<br>DAVID WRIGHT TREMAINE LLP<br>(503) 778-5215<br>(503) 276-5816 (Facsimile)<br>ATTORNEYS FOR DEFENDANTS |

Date: May 2, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2007, a true and correct copy of the foregoing was sent via electronic mail to all counsel of record:

>Jonathan B. O'Neill, Esq.
>Morton R. Kimmel, Esq.
>Michael D. Bednash, Esq.
>Kimmel, Carter, Roman & Peltz, P.A.
>200 Biddle Avenue, Suite 101
>Springside Plaza
>Newark, Delaware 19702

>Andre P. LaPlace, Esquire
>Law Firm of Andre P. LaPlace
>2762 Continental Drive, Suite 103
>Baton Rouge, LA 0808

_____
PAUL M. LUKOFF (I.D. No. 96)

17226.56\333281v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MP VISTA, INC., HABIB PETROLEUM, and : <br> WARREN'S SHELL, INC. INDIVIDUALLY : <br> AND ON BEHALF OF THOSE SIMILARLY : <br> SITUATED : <br> : <br> vs. : <br> : <br> MOTIVA ENTERPRISES LLC and : <br> SHELL OIL COMPANY : | No. 1:07-CV-00099-*** |

**ORDER APPROVING THE PARTIES' REVISED JOINT SCHEDULING PROPOSAL**

On May 2, 2007, the Court conducted a preliminary scheduling conference by telephone. Before the conference, the parties submitted a Joint Scheduling Proposal concerning deadlines for the class discovery phase of this case. The Court hereby **APPROVES AND ADOPTS** the parties' proposal as a Scheduling Order for this matter.

_____
UNITED STATES MAGISTRATE JUDGE

Dated: 5/2/07