IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MP VISTA, INC., HABIB PETROLEUM, AND WARREN'S SHELL, INC. INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED<br><br>Plaintiffs,<br><br>v.<br><br>MOTIVA ENTERPRISES LLC AND SHELL OIL COMPANY,<br><br>Defendants. | C.A. No. 07-099-GMS |

## MEMORANDUM

### I. INTRODUCTION

On February 21, 2007, plaintiffs MP Vista, Inc., Habib Petroleum, and Warren's Shell, Inc. filed this class action against defendants, Motiva Enterprises LLC ("Motiva") and Shell Oil Company ("Shell") for negligence and breach of warranty in connection with the refining and distribution of contaminated fuel.[1] (D.I. 1.) Presently before the court is defendants' motion to transfer this action to the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1404(a). (D.I. 8.) For the reasons that follow, the court will grant defendants' motion.

### II. BACKGROUND

Defendants Motiva and Shell are limited liability companies domiciled in Delaware and organized under Delaware law. (D.I. 1 at 1.) Motiva is jointly owned by Shell and Saudi Refining,

---

[1] The plaintiffs bring this suit both individually and on behalf of a proposed class consisting of those "channel partners" of Motiva and Shell that were directed to close their fuel pumps in May 2004, after Motiva discovered that gasoline it refined and distributed to its channel partners was contaminated. (D.I. 1 at 2.)

Inc. (D.I. 9 at 3.) Motiva refines and distributes gasoline under the Shell brand in the Gulf Coast and East Coast regions of the United States. (D.I. 9 at 3.) Motiva distributes gasoline through a variety of its "channel partners." (*Id.*) These channel partners include: (a) dealers who lease or own independent service station businesses, (b) contract operators who run company-owned stores under various types of contractual arrangements, and (c) wholesale distributors who supply their own networks of branded and unbranded stations. (*Id.*) Among other things, these channel partners "operate car washes, garages, . . . and/or convenience stores, together with offering defendants' fuel products for sale." (D.I. 1 at 2.) The named plaintiffs and proposed class in this case are all channel partners of the defendants.[2] (*Id.* at 1.)

In their complaint, plaintiffs allege that on May 26, 2004, they were directed by the defendants to close their fuel pumps after Motiva discovered that gasoline it refined at its Norco Refinery in Louisiana, and distributed to its channel partners in Florida, Mississippi, and Louisiana was contaminated with trace amounts of elemental sulfur. (D.I. 1 at 1.) Plaintiffs further allege that, among other things, they incurred financial losses and suffered further damages as a result of the defendants' negligence and breach of warranty.[3] (*Id.* at 2-3.) The defendants deny these allegations in their answer. (D.I. 7.) The defendants filed the instant motion to transfer this action to the Eastern District of Louisiana on April 2, 2007. (D.I. 8.)

---

[2] The named plaintiffs in this action are also all Florida corporations. (D.I. 1 at 1.)

[3] Specifically, plaintiffs allege that by refining and distributing the contaminated fuel, the defendants breached the implied warranties of fitness for use and merchantability under the Uniform Commercial Code. (D.I. 1 at 3.)

### III. DISCUSSION

#### A. <u>Legal Standard</u>

Pursuant to section 1404(a), the court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice, . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). It is within the court's discretion whether to transfer a case according to an individualized, case-by-case consideration of conveniences and the interests of justice. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *see also Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 197 (D. Del. 1998) (same).

In making its determination under section 1404(a), the court must consider whether transferring this action would convenience: (1) the parties and (2) the witnesses, while (3) serving the interests of justice. *Affymetrix*, 28 F. Supp. 2d at 196. It is the movant's burden to establish the need to transfer, and "the plaintiff's choice of venue [will] not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations omitted). The moving party, however, is not required to show truly compelling circumstances for change of venue, but rather that all relevant things considered, the case would be better off transferred to another district. *See Dominy v. CSX Transp., Inc.*, No. 05-487, 2006 WL 573801, \*\* 2-3 (E.D. Pa. Mar. 9, 2006) (citing *In re United States*, 273 F.3d 380, 399 (3d Cir. 2001)).

Furthermore, the plaintiff's choice of forum becomes "substantially less important" when he sues representatively on behalf of a class. *See Yang v. Odom*, 409 F. Supp. 2d 599, 606 (D.N.J. 2006). Section 1404(a) is designed to prevent: (1) "forum shopping" by plaintiffs who seek to avoid prior rulings or governing precedents in other jurisdictions, and (2) "the waste of time, energy, and money," and (3) "to protect litigants, witnesses and the public against unnecessary inconvenience

and expense." *Yang*, 409 F. Supp. 2d at 605; *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

When considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *See Jumara*, 55 F.3d at 879. This inquiry requires a "multi-factor balancing test," embracing not only the statutory criteria of convenience of the parties and the witnesses and the interests of justice, but all relevant factors, including certain public and private interests. *Id.* at 875. Among the relevant public interests are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; and (5) the public policies of the fora. *Id.* at 879-80. The private interests include: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the expected witnesses; and (6) the location of books and records, to the extent that they could not be produced in the alternative forum.[4] *Id.* at 879.

After having considered the relevant factors in this case, the court finds that the defendants have met their burden of demonstrating that transfer to the Eastern District of Louisiana is appropriate.[5]

---

[4] The first three of these private interest factors collapse into other portions of the *Jumara* analysis. Thus, the court will consider them in the context of the entire inquiry only. *See Affymetrix*, 28 F. Supp. 2d at 192.

[5] As an initial matter, the court notes that the plaintiffs could have brought this action in the Eastern District of Louisiana. Because there is no dispute that the Eastern District of Louisiana is a proper venue for this action, the court focuses its analysis on consideration of only those relevant public interest and private interest factors.

B.   **Consideration of the Relevant Public Interest Factors**

Here, the public interest factors weigh in favor of transferring this action to the Eastern District of Louisiana. As the plaintiffs correctly note, the court in that district already has experience with the specific claims at issue in this action. Specifically, Judge Lemelle of the Eastern District of Louisiana has handled and expended substantial resources on at least two prior retailer and consumer class actions arising out of the same underlying fuel contamination incident at issue in this case.[6] In fact, that court has also previously ruled on a motion for class certification that is essentially identical to the class proposed by the plaintiffs in this case.[7] It would be a waste of judicial resources to litigate class claims in this district, when a court in the Eastern District of Louisiana already has experience with these same issues: involving substantially the same transactions and occurrences. *See, e.g., In re Amendt*, 169 Fed. Appx. 93, 96 (3d Cir. 2006) ("[T]he most important factor is the avoidance of duplicative litigation: Adjudicating almost identical issues in separate fora would waste judicial resources.")[8] Furthermore, the court is mindful that a transfer to the Eastern District of Louisiana would also minimize the potential for inconsistent rulings -- particularly as it relates to the issue of class certification. *Cf. Yang*, 409 F. Supp. 2d 599 at 609.

---

[6] *See* Civil Docket Sheets in *Liberty Shell, Inc. v. Shell Oil Company, et al.*, No. 04-cv-01770 (E.D. La. filed June 24, 2004) (retailer class action); *In re: High Sulfur Content Gasoline Products Liability Litigation*, No. 04-md-01632 (E.D. La. filed Nov. 8, 2004) (consumer class action).

[7] *See* D.I. 10 at A-22 (July 26, 2006 Order denying motion for class certification).

[8] *See also Liggett Group, Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 537 (D.N.J. 2000) ("[I]t is in the interests of justice to permit suits involving the same parties and issues to proceed before one court") (citations omitted).

In addition, the Eastern District of Louisiana's familiarity with applicable Louisiana state law weighs in favor of transfer. Specifically, plaintiffs' claim for negligence is based solely on the Louisiana Civil Code. It strikes this court that the Eastern District of Louisiana will necessarily have more practical experience and greater familiarity than this court with the substantive law contained in the Louisiana Civil Code. Moreover, there is a public policy interest in having local issues determined close to where they arose. *See, e.g., Affymetrix, Inc.*, 28 F. Supp. 2d at 197. This factor, too, weighs in favor of transfer. First, the Motiva refinery where the contaminated gasoline at issue was produced is located in Norco, Louisiana -- which is in the Eastern District of Louisiana. Second, the contaminated gasoline at issue in this case was distributed to retailers in Louisiana, in nearby Mississippi, and in Florida (not Delaware). Third, all of the members of plaintiffs' proposed class are from one of these same three Gulf Coast states (and not Delaware). The Louisiana court's familiarity and experience with Louisiana law and the public interest in having local issues determined close to where they arose militate in favor of transfer to the Eastern District of Louisiana.

C.   **Consideration of the Relevant Private Interest Factors**

Likewise, the private interest factors in this case weigh in favor of transfer to the Eastern District of Louisiana. First, there is little connection between Delaware and this action. Indeed, a substantial part of the events giving rise to this suit occurred in the Eastern District of Louisiana. *See* 28 U.S.C. § 1391(a)(2) (defining proper venue for diversity cases). In large part, it is the events at Motiva's Norco, Louisiana refinery that give rise to the plaintiffs' claims for negligence and breach of warranty in this case. The locus of operative facts in this case centers around the Eastern District of Louisiana (not the District of Delaware). Second, as a practical matter, the Eastern District of Louisiana appears to be a more convenient forum for all of the parties involved, as well

as potential witnesses. The plaintiffs are located in Florida. The defendants, likewise, have their principal places of business in the Gulf Coast area. All are within an hour's travel by plane of the court in the Eastern District of Louisiana. Furthermore, should it be necessary, the Eastern District of Louisiana has subpoena power over witnesses working at or living near the Norco refinery. Whereas, this court does not. These factors weigh heavily in the court's transfer analysis. Accordingly, the court concludes that the applicable private interest factors weigh in favor of a transfer to the Eastern District of Louisiana.

## IV.   CONCLUSION

The court is persuaded that the interests of justice, the public interests, and the private interests of the parties will be best served by transferring this action to its sister court in the Eastern District of Louisiana. Defendants' motion to transfer this action is, therefore, granted.

Dated: December 29, 2008

CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MP VISTA, INC., HABIB PETROLEUM, )<br>AND WARREN'S SHELL, INC. )<br>INDIVIDUALLY AND ON BEHALF OF )<br>THOSE SIMILARLY SITUATED )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>MOTIVA ENTERPRISES LLC )<br>AND SHELL OIL COMPANY, )<br>)<br>    Defendants. ) | C.A. No. 07-099-GMS |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' Motion to Transfer this action to the United States District Court for the Eastern District of Louisiana (D.I. 8) is GRANTED.

2. The above-captioned action is hereby TRANSFERRED to the United States District Court for the Eastern District of Louisiana.

Dated: December 29, 2008

_____
CHIEF, UNITED STATES DISTRICT JUDGE